McCormick & Bro. v. Leonard.

## McCORMICK & BRO. v. LEONARD ET AL.

1. **Mortgage**: BURDEN OF PROOF: NOTICE. In an action to foreclose a mortgage, the defendant who alleges notice of a prior unrecorded mortgage has the burden of proof.

2. **Evidence**: TESTIMONY IN EQUILIBRIO. Where the testimony is equally balanced, the party having the *onus* must fail.

*Appeal from Clarke Circuit Court.*

WEDNESDAY, APRIL 29.

PLAINTIFFS filed in the Circuit Court of Clarke county a petition praying judgment against the defendant, Alva Leonard, on two promissory notes, and asking the foreclosure of a mortgage executed to secure the same by said Leonard and wife, on the 17th day of February, 1871, upon lot two, in block eleven, in the town of Osceola.

The defendant, T. W. Johnson, filed his separate answer, alleging that he sold the mortgaged lot in question to Alva Leonard on the 15th day of October, 1870, and executed to him a warranty deed therefor, and that on the same day Alva Leonard and his wife, to secure the purchase money, executed to him a mortgage thereon. This mortgage was filed for record, Feb. 28, 1871.

Defendant, Johnson, alleges that plaintiffs accepted their mortgage with full knowledge of said mortgage to him to secure the purchase money of said lot.

The court found that the lien of plaintiffs was entitled to precedence over that of Johnson, and decreed a foreclosure of plaintiff's mortgage. The defendant, Johnson, appeals.

*W. M. Wilson*, for appellant.

*S. P. Ayres*, for appellee.

DAY, J.—It appears from the statement of facts that the mortgage to Johnson was first executed, but that it was not filed for record until after the execution of the mortgage to plaintiffs. It is alleged that plaintiffs had knowledge, at the

time they accepted their mortgage, of this prior mortgage to Johnson.

. This question of fact is the only one which we need consider. Notice is alleged by defendant, and upon him is the burden of establishing it. The testimony seems to be in exact *equilibrio*. One witness testifies that the agent of plaintiff was informed, at the time he accepted plaintiff's mortgage, of the prior one to Johnson. The agent positively denies that he had such knowledge. Neither witness is discredited. There are no circumstances corroborative of the statements of either.

Under such circumstances the court below rightly determined that the party upon whom was the burden of proof had failed to establish his case.

AFFIRMED.