Port v. Embree.

## PORT v. EMBREE.

1. **Mortgage**: CONSIDERATION: PRIORITY OF LIENS: MISTAKE IN DESCRIPTION. An agreement by a creditor to extend the time for payment of his debt, and also to purchase a certain mortgage executed by the debtor, was held to constitute a sufficient consideration to support a second mortgage to him, and to entitle both mortgages in his hands to priority over another and prior mortgage given by the debtor for the purchase money of the property, but which by mistake did not contain a correct description of the land, and of which the holder of the two subsequent mortgages had neither actual nor constructive notice.

*Appeal from Linn District Court.*

MONDAY, JUNE 14.

ACTION in chancery to foreclose two mortgages. The appellant in the court below claiming to hold a paramount mortgage on the lands described in plaintiff's mortgage, and asking that his mortgage be foreclosed. The relief prayed

for in plaintiff's petition was granted, and the intervenor's petition was dismissed. The intervenor appeals.

*J. S. Stacy*, for appellant.

*James D. Giffen*, for appellee.

BECK, J.—I. The petition prays the foreclosure of two mortgages covering the same land, both executed by Ezra Embree; the first made to J. C. Butler, March 27, 1876, and transferred to plaintiff, the second executed to plaintiff December 7, 1876.

The intervenor, in his petition, alleges that he sold and conveyed the land described in the mortgage to Ezra Embree, in 1863, a part of the purchase money being secured by a mortgage executed at the time, and afterward duly recorded; that through the mistake of the scrivener drawing it the intervenor's mortgage failed to describe correctly the land intended to be conveyed, the *southwest* quarter, instead of the *northwest* quarter, being mentioned in the mortgage; that this mistake was unknown to the intervenor and all the parties to the action, until about the time this suit was commenced, and that plaintiff had actual notice of the intervenor's mortgage, and of the intention of the parties thereto that it should cover the land involved in this suit.

II. The evidence established the execution of the mortgages set out in plaintiff's petition, and that he is now the holder of both. It is also shown that the intervenor's mortgage was executed to secure a part of the purchase money of the land, and that through mistake it fails to describe the property intended to be conveyed. The evidence fails to show that plaintiff had notice of the intervenor's mortgage and debt prior to the execution of the mortgage to plaintiff, and the transfer to him of the other mortgage.

1. MORTGAGE: consideration: priority of liens: mistake in description.

The plaintiff being a mortgagee without actual or constructive notice of the intervenor's mortgage, and his equities

based thereon, will hold the paramount lien, unless the case falls within another rule which will defeat his equity. Counsel for the intervenor insists that the case does come within a well established rule which gives him priority, though the plaintiff had no notice, actual or constructive, of the intervenor's mortgage and equities. Counsel states the doctrine upon which he relies in the following language:

"The rule is clearly laid down that if the second incumbrancer or purchaser takes his lien or conveyance in payment of, or as security for, an antecedent debt, without parting with any new consideration or placing himself in a worse condition than he would have been in, had he received notice of the prior equitable title or lien previous to his taking his own, the law will not allow him to hold it to the injury of the other. He stands in equity precisely as though he had notice of the prior equity before taking his lien."

Concerning the correctness of this rule we need not inquire; for the purpose of this case it may be admitted to be correct. It will be noticed that, in order to bring plaintiff within the operation of the rule, its express language requires that he must have parted with no new consideration, and must not have been placed in a worse condition than he would have been in had he not taken the mortgages held by him.

The evidence shows that plaintiff, upon taking the mortgage executed to him, extended the time of payment of the debt due him from Ezra Embree. The mortgage was also executed under an agreement which plaintiff entered into with the mortgagor, that he would purchase the mortgage executed to Butler, which he afterwards performed. This agreement is an explanation of the plaintiff's purchase of that mortgage. Plaintiff extended time upon his claim and purchased the Butler mortgage while in ignorance of the intervenor's mortgage. He thus assumed obligations and paid out money upon the faith that Butler's was the prior mortgage. He was, to use the language of the exception to the rule, as stated by counsel, "placed in a worse condition than

he would have been in had he received notice of the prior equitable title or lien previous to his taking his own."

We conclude, therefore, that under the rule announced by counsel, the plaintiff's mortgage must be enforced as the paramount lien upon the land. The decree of the District Court must be

AFFIRMED.