Koon v. Tramel et al.

---

KOON v. TRAMEL ET AL.

1. **Mortgage:** FORECLOSURE: NOTICE OF EQUITY: EVIDENCE CONFINED TO ISSUES. In an action to foreclose a mortgage, a general averment that plaintiff's mortgage was superior to a mortgage held by one of the defendants was but a legal conclusion, and did not warrant the admission of evidence to show that the defendant, when he took his mortgage, had actual notice of plaintiff's equity. Such notice should have been pleaded if plaintiff intended to rely upon it.

2. ———: POSSESSION OF LAND BY MORTGAGEE'S VENDOR: NOTICE OF EQUITIES. The rule that the possession of real estate is notice to all the world of the equities of the possessor, does not apply to the vendor in possession after he has conveyed the land to another and the conveyance has been recorded. So *held*, where the vendor in possession sought to have a mortgage for purchase money, made some time after the recording of the deed, declared superior to an intervening mortgage made by the vendee while the vendor was still in possession. (See opinion for cases cited.)

3. ———: FOR PRE-EXISTING DEBT: SUBSEQUENT MORTGAGE FOR PURCHASE MONEY: PRIORITY. A mortgage for a pre-existing debt, without any additional consideration, is inferior in equity to a subsequent mortgage taken for the purchase money of the land; (*Phelps v. Fockler*, 61 Iowa, 340;) but where the time of payment of the pre-existing debt is extended for a definite period, and the mortgage is taken to secure the debt as thus extended, a new consideration enters in, which gives the mortgage priority according to its date. (Compare *Port v. Embree*, 54 Iowa, 14.)

*Appeal from Jasper District Court.*

TUESDAY, MARCH 8.

THIS is an action in equity, and involves the question as to the priority of two mortgages upon certain real estate, the

plaintiff being the owner of one mortgage, and the defendant, the First National Bank of Newton, being the owner of the other. The court below held the plaintiff's mortgage to be the first lien on the land, and the defendants appeal.

*Winslow & Varnum,* for appellants.

*S. C. Cook,* for appellee.

ROTHROCK, J.—I. At some time previous to April 1, 1884, the plaintiff was the owner of an eighty acre farm, and the defendant Tramel was the owner of a farm of fifty acres, and they agreed to exchange farms. It does not appear that the agreement was reduced to writing; and the terms of the trade or exchange are not very clearly shown by the evidence. The fifty acre farm was incumbered by a mortgage to one Smith, which mortgage Tramel was to discharge and pay. The eighty acre farm was mortgaged to the school fund for $150, and Tramel was also to pay this mortgage. The evidence is very indefinite as to whether this was all that was to be paid by Tramel as the difference between the agreed value of the farms. The plaintiff testified on the trial that Tramel was to pay him $350 in cash by May 1, 1884. This testimony is not contradicted by any witness, unless it be in what we regard as loose and random statements by some of the witnesses, that the difference between the two farms was the two mortgages which were to be paid by Tramel, and amounting to $500. Both parties were to retain possession of their respective farms during the farming season of 1884. Counsel for appellants make a claim in argument that Koon leased the fifty acre farm of Tramel for that year, and that Tramel failed to plow and grub part of the land, and that the damages for this failure to perform the contract of lease forms part of the consideration for plaintiff's mortgage. This claim, however, is not supported by any evidence.

On the first day of April, 1884, Koon, the plaintiff, conveyed the eighty acre farm to Tramel by a deed, with cove-

nants of general warranty, excepting the school fund mort
gage for $150; and on the same day Tramel conveyed the
fifty acre farm to Koon.   There was a mistake made in the
last named deed, and a corrected deed was made on the sec-
ond day of May, 1884.   The deed from the plaintiff to
Tramel was filed for record on the eleventh day of April,
1884.   Some time before this, Tramel had borrowed $1,000
from the defendant bank, for which he gave his note, with
personal security.   He forged the names of the sureties to
the note.   Both parties to this controversy claim that Tramel
was insolvent, and the record shows that he was largely in
debt, and, besides being a felon, he was utterly worthless.
When the bank ascertained that the names of the sureties to
the note were forged, its officers set themselves about secur-
ing the debt.   They discovered that the eighty acre farm
had been conveyed to Tramel, and they went to his house,
some fifteen miles from Newton, and took a mortgage on
the land to secure the bank debt.   This mortgage was taken
on the morning of May 2, 1884, and filed for record at 10
o'clock and 10 minutes A. M. of that day.   Afterwards, and
on the same day, the plaintiff took a mortgage on the same
land to secure $650.   This mortgage was filed for record at
4 o'clock and 47 minutes P. M. of the same day.

It will be observed that, so far as the execution and record-
ing of the mortgage is material to the rights of the parties,
the bank mortgage is superior in point of time.   The plaint-
iff claims, however, that his mortgage is the superior lien,
because it was given to secure part of the purchase money
for the land, and that he was at the time both mortgages
were executed, and is now, in possession of the mortgaged
premises.   The defendant bank filed an answer and cross-
bill, in which it was claimed that its mortgage was superior,
and that plaintiff had notice of defendant's mortgage before
plaintiff's mortgage was executed.   The plaintiff replied by
reiterating the superiority of his mortgage, and by averring
specially that his mortgage was made for part of the pur-

chase money, in pursuance of an agreement with Tramel that he would make such a mortgage.

The first question presented by counsel for appellant is one of pleading. It is urged that all of the evidence intro-duced by plaintiff, tending to show the priority of his mortgage, was inadmissible, because the issues between the parties did not entitle the plaintiff to introduce the evidence. The evidence objected to tended to prove that the plaintiff was in possession of the land; that it was agreed between him and Tramel that the latter was to mortgage the land to the plaintiff to secure his unpaid obligations in the way of purchase money, and that the bank, by its president, had actual notice that the plaintiff was to have a mortgage from Tramel. As to all these questions, excepting that of actual notice to the president of the bank, the evidence was clearly admissible under the pleadings; and all this evidence was objected to when it was offered. It will be seen by the above statement of the pleadings that the possession, the agreement of Tramel to make a mortgage, and that the mortgage was for purchase money, were all specially pleaded. The fact that the president of the bank had actual notice of plaintiff's claim when the bank mortgage was taken was not pleaded, and was not in issue, unless made so by the general averment of the superiority of plaintiff's mortgage. This averment is made both in the petition and in the reply.

1. MORTGAGE: foreclosure: notice of equity: evidence confined to issues.

The general averment of the priority of plaintiff's mortgage was not the pleading of any fact. It was the mere assertion of a legal conclusion. And the plaintiff in his pleadings gives the reasons why his mortgage is superior, which are, the possession of the land, the previous agreement to give the mortgage, and that it was given for purchase money. We think it is very plain that proof of actual notice was not competent under the issues. As we regard the questions involved, actual notice was a most vital consideration in the case. But we cannot sustain the practice

of omitting vital issues from the pleadings, and determining causes upon questions not in the case. If we did so in a case of supposed hardship, which this appears to be, we might as well abolish the fundamental rule that the evidence must be confined to the issues made by the pleadings.

II.   We come now to consider the other questions made in the case; and the one which lies at the foundation of all

2. ——: pos-session of land by mort-gagee's ven-dor: notice of equities.

the others is, was the plaintiff's possession of the land constructive notice to the bank of the rights which he now claims?   Counsel for appellee cite a large number of cases, in this court and other courts, which hold that a party purchasing real estate is bound to take notice of the equities of any one in possession. These authorities merely announce a general rule, and we think they are all cases where the equities of the parties in possession are independent of, or adverse to, the legal title of record.   In this case the record showed that the plaintiff had made an absolute conveyance of the land, and the conveyance was put upon record.   An examination of adjudged cases will show that the great weight of authority is to the effect that possession by the grantor, after a full conveyance, is not constructive notice to subsequent purchasers of any right reserved in the land of the grantor. *Eylar v. Eylar,* 60 Tex., 315; *Dawson v. Danbury Bank,* 15 Mich., 489; *Bloomer v. Henderson,* 8 Id., 395; *Newhall v. Pierce,* 5 Pick., 450; *Cook v. Travis,* 20 N. Y., 400; *Van Keuren v. Central R'y Co.,* 38 N. J. Law, 165; *Scott v. Gallagher,* 14 Serg. & R., 333.

In *Eylar v. Eylar,* it is said that, " by the deed in question, the parties who now assert a claim through a secret agreement declared in the most solemn form that the land in controversy was the property of Eylar [the grantee.]   They permitted that declaration to be placed on record for the very purpose of giving information to all persons as to the true ownership."   In some of the cited cases the rule is placed upon the ground that a subsequent purchaser may well rely

upon the fact that the possession retained after a conveyance may be presumed to be a mere holding over at will until it becomes convenient to remove from the land. There appears to us to be much force in the thought. A party ought not to be allowed to contradict the force and effect of a full conveyance by the mere fact of possession after the deed is recorded.

III. But counsel for the plaintiff contends that the rule above announced has no application except to purchasers of the land, and that a mortgage for a pre-existing debt, without any additional consideration, is junior to a subsequent mortgage, taken for the purchase money of the land. This rule is correct, and this court has so held. *Phelps v. Fockler*, 61 Iowa, 340. The facts in this case, however, showed that the bank, when it took the mortgage from Tramel, took a new note, and extended the time of payment for one year; and. the mortgage was taken as security. The law is settled in this state that a mortgagee of real estate is regarded as a purchaser. *Porter v. Greene*, 4 Iowa, 571. And it is also well settled " that the giving of further time for the payment of an existing debt by a valid agreement for any period, however short, is a valuable consideration, and is sufficient to support a mortgage as a purchase for a valuable consideration." 1 Jones, Mortg., § 459, and authorities there cited. See, also, *Port v. Embree*, 54 Iowa, 14. It is no answer to this position to claim that the original debt to the bank was a forgery, and that Tramel was insolvent. The original note was a valid obligation as against Tramel, and his financial standing is wholly immaterial, for the fact remains that the extension of time was a sufficient consideration to constitute the bank a purchaser.

IV. The foregoing discussion practically disposes of this case against the appellee, because, if the possession of the land was not constructive notice to the bank of plaintiff's rights, and the bank procured the mortgage upon a sufficient

*Marginal note: 3. ———: for pre-existing debt: subsequent mortgage for purchase money: priority.*

consideration, and without actual notice of the plaintiff's claim, the fact that an agreement had been entered into between Koon and Tramel that the latter was to make a mortgage to the plaintiff is wholly immaterial, the bank having had no actual notice of such an agreement. When the two propositions, that the possession of plaintiff was not constructive notice to the bank, and that the bank is a purchaser upon a sufficient consideration, are established, it is an end of the case.

REVERSED.