## KOEVENIG v. SCHMITZ ET AL.

1. **Mortgage**: PRIORITY: EQUAL EQUITIES: SIMULTANEOUS DELIVERY AND FILING: PAYMENT PRO RATA. S. bought land of W. for $600, paying $300 in cash, and agreeing to secure the residue by a note and mortgage on the property. But he borrowed of T. the $300 with which to make the cash payment, and agreed to secure T. by a mortgage on the property. Both mortgages were executed on the day of the sale, but neither was delivered until some days afterwards, when S. took them to the recorder's office and delivered them to the recorder to be recorded. He first handed the recorder the mortgage to T., and immediately thereafter the mortgage to W., intending to give priority to the one so first delivered, but not expressing any such intention, and the recorder marked them as filed at the same time. In the mortgage to W. the land was described as being in the wrong county. In an action to foreclose, *held*—

   (1) That S.'s secret intention to give priority to the mortgage to T. could not have that effect.

   (2) That the mere act of handing one mortgage to the recorder an instant before the other did not give it priority.

   (3) That the fact that W. waived his vendor's lien by taking the

mortgage, while T. had no prior interest in the property, did not give to W.'s mortgage any superiority in equity.

(4) That the clerical error in the description of the land in W.'s mortgage did not render it inferior in equity to the other, since there was no question of notice in the case.

(5) That both mortgages were entitled to be paid *pro rata* out of the proceeds of the sale of the land.

*Appeal from Winneshiek District Court.*

WEDNESDAY, MARCH 9.

THE controversy in this case is between plaintiff and the defendants Dornewick and Theodore Wiltgen. The material facts of the case are as follows: On the thirteenth of April, 1876, the defendant J. J. Schmitz bought of the Wiltgens the undivided one-third of three lots in the town of Ossian, in Winneshiek county, for the consideration of $600, one-half of which he paid in cash, and for the balance he gave his promissory note, and to secure the same gave a mortgage on the property. The Wiltgens purchased the property from one Hennessy, who, by their direction, conveyed to Schmitz. Schmitz borrowed the money with which to make the cash payment from Theodore Wictor. This loan was made on the agreement that it should be secured by mortgage on the property. Schmitz gave his note for the amount. He also executed a mortgage on the property securing the same. This note and mortgage were executed on the same day on which he gave the note and mortgage to the Wiltgens, viz., the thirteenth of April, 1876. Neither of the mortgages was delivered, however, until the third of May following. On that day Schmitz took the two instruments to the county recorder's office, and delivered them to the recorder to be recorded. He testified that he intended that the Wictor mortgage should have priority, and that he delivered it first. It was first recorded, but the certificates of the recorder indorsed on the instruments show that they were filed for record at the same time. By a mistake of the scrivener who drew the Wiltgen mortgage, the real estate was described as

being situated in Howard county. Plaintiff is the owner of the Wictor note and mortgage, and she brought this action for the enforcement of the same. The question of controversy is as to which of the mortgages is the superior lien on the premises. The district court adjudged that defendants' mortgage was prior to plaintiff's. Plaintiff appeals.

*F. S. Burling*, for appellant.

*M. J. Carter*, for appellees.

REED, J.—The mortgages become effective on delivery, and delivery was accomplished when Schmitz delivered them to the recorder. It is immaterial, therefore, which was first executed. Neither of the mortgagees, when he agreed to accept a mortgage on the property as security for his debt, knew, or had any notice, of the contract between Schmitz and the other. It is therefore not material which of the contracts was first entered into. If one of the mortgages is superior to the other, it must be either because there existed when it was executed some equity in favor of the party to whom it was given which has the effect to give it superiority, or because priority was given to it by the acts of the parties·

I. Is priority given to either by any equity existing at the time of their execution? It is contended that, as defendants surrendered their vendor's lien on the property for the unpaid purchase money when they accepted their mortgage, and as Wictor had no prior interest or right in the property, and surrendered nothing when he accepted the mortgage, they should be given priority over him. It is true, perhaps, that defendants, if they had not accepted the mortgage, would have had an equitable lien on the property for the unpaid purchase money, and that they waived that lien by accepting it. The mortgage created a new and distinct lien on the property. It did not have the effect to continue or preserve the vendor's lien, but that lien ceased when the parties accepted the mortgage. The vendor's lien arises by

implication of law. But a mortgage lien is created and measured by the contract of the parties. When a party accepts a mortgage, he acquires the rights and interest simply which accrue under the contract. The law neither adds to nor detracts from them. The defendants have no advantage, then, from the fact that their mortgage was given to secure the purchase money.

II. Was priority given to either by the acts of the parties? When the mortgagees agreed to accept a mortgage on the property, each expected, no doubt, that he would receive a first mortgage. But neither of them contracted expressly for a first mortgage. What is relied on as creating priority in favor of plaintiff's mortgage are the acts and purposes of Schmitz at the time of delivery. He claims to have first delivered that mortgage to the recorder, and that he did that for the purpose of giving it priority over the other. What he did do, as we are satisfied by the evidence, was to take the instruments to the recorder's office, and there first hand to the recorder the mortgage to Wictor, and immediately thereafter the one to defendants. They were both delivered by substantially the same act. The question as to which has priority cannot be affected by the fact that one instrument was handed over to the officer an instant before the other was passed to him. Neither is the intention with which the act was done important. Schmitz could have given priority to the one by an expression to that effect in the instruments, and perhaps he could have accomplished the same result by an express declaration at the time of delivery. But, clearly, he could not, by his mere secret intention, give character and effect to the instruments.

III. A claim was made by plaintiff that Schmitz subsequently sold his interest in the property to defendants, the Wiltgens, and that they agreed, as part of the consideration of the purchase, that they would pay her note. But this claim is not established by the evidence. The mistake in the mortgage to defendants, as to the county in which the prop-

erty is situated, does not affect the rights of the parties. There is no question as to what property was intended. As between the mortgagor and morgagee, it is a valid mortgage on the property in question.

If plaintiff had been a subsequent mortgagee, a question might have arisen as to whether the record of defendants' mortgage imparted constructive notice to her. But she was not a subsequent mortgagee. Her rights and interests accrued at the same instant as those of defendants. The mortgages, as we hold, were delivered at the same time, and the rights of the parties could not be affected by any question of notice.

As the liens created by the mortgages accrued at the same instant, neither of the parties has any rights in the property superior to those of the other, and equity will dispose of it for the benefit of both.

So much of the judgment of the district court as adjudges that the debt due the defendants shall be first satisfied out of the proceeds of the property will be reversed, and a judgment will be entered directing the application of such proceeds *pro rata* to the satisfaction of the debts due plaintiff and defendants.

The judgment will be entered either in this or the district court, as the parties may elect.

REVERSED.