Davis v. Lutkiewiez et al.

---

## DAVIS v. LUTKIEWIEZ ET AL.

1. **Mortgages**: RECORDING: PRIORITY: CONSIDERATION: ANTECEDENT DEBT: BURDEN OF PROOF. Plaintiff conveyed land to defendant, but the deed was not recorded. Defendant executed a mortgage back for purchase-money, but by mistake the mortgage described another tract. This mortgage was recorded. Afterwards defendant mortgaged the land purchased of plaintiff to D. & S. to secure an antecedent debt, but new notes were made for the debt and the time was extended thereon. After this plaintiff had the error in his mortgage corrected, and the instrument was again recorded. Nothing appears as to who was in actual possession of the land. *Held*—

    (1) That the absence of defendants' deed from the record did not put D. & S. on inquiry as to the *status* of his title, and charge them with notice of plaintiff's mortgage.

    (2) That, though the mortgage of D. & S. was to secure an antecedent debt; yet, as new notes were given and the time extended, there was a new consideration sufficient to support the mortgage as a purchase of that date. (*Koon v. Tramel*, 71 Iowa, 132, and *Port v. Embree*, 54 Id., 14, followed.)

    (3) That, if the burden of proof was on D. & S. to show that they had no notice of plaintiff's prior equity, (as to which, *quære*,) yet they made sufficient proof of that fact.

    (4) That, as between plaintiff and D. & S., plaintiff's mortgage became a lien on the land only from the date of its second recording, and that a decree making plaintiff's mortgage the superior lien must be reversed.

*Appeal from Audubon District Court.*

### TUESDAY, JUNE 28.

THIS is an action in equity, and involves the question as to the priority of a mortgage upon certain real estate made by

the defendant Lutkiewiez to the plaintiff over a mortgage made by the same party to the defendants John S. Davis & Sons. The court below held the plaintiff's mortgage to be the prior lien. John S. Davis & Sons appeal.

*H. F. Andrews, Cook & Dodge,* and *Willard & Fletcher,* for appellants.

*L. L. De Lano,* for appellee.

ROTHROCK. J.—In the month of May, 1883, the plaintiff was the owner of forty acres of land in Audubon county. He made a sale of it to the defendant Lutkiewiez, and conveyed the same to him by deed. At the same time, Lutkiewiez executed a mortgage to the plaintiff to secure the payment of part of the purchase-money. It was intended that this mortgage should be upon the land sold, but by a mistake the mortgage was made upon another forty-acre tract. The mortgage was recorded soon after it was made. The deed was not recorded for some time afterwards. The defendants John S. Davis & Sons held some promissory notes upon Lutkiewiez; and after the sale and conveyance, and before the deed was recorded, Lutkiewiez made a mortgage to them on the land purchased of plaintiff to secure the amount due on said notes. The original notes were renewed, and the time of payment extended. Davis & Sons' mortgage was recorded soon after it was made. After this the plaintiff discovered the mistake in his mortgage, and he procured Lutkiewiez to correct the same by alteration, and by indorsement thereon ; and, as thus altered, the mortgage was again recorded. The deed to Lutkiewiez was not then recorded. There is no evidence as to which of the parties was in the actual possession of the land at any time prior to the commencement of the suit.

In determining the rights of the parties, it is important to first consider the effect of the mistake and subsequent correction of the plaintiff's mortgage. When the defendants

Davis & Sons took their mortgage, the title to the land was in the mortgagor; and, so far as they had constructive notice by the records, the plaintiff had no mortgage upon it. Upon the face of the record, then, Davis & Sons' mortgage was the prior lien, provided they took their mortgage in good faith, for a valuable consideration, and without actual notice that the plaintiff's mortgage was intended to be on the same land. If this was the relation of Davis & Sons to the subject-matter, the subsequent correction of the mortgage had no more effect upon their mortgage liens than if no mortgage whatever had been taken until the correction was made. The fact that the mortgage was for purchase-money can make no difference in the rights of the parties. When a vendor of real estate makes a conveyance and delays taking his mortgage for the purchase-money until a mortgage is made to another party without notice, the vendor's mortgage will be postponed to the other. This was impliedly determined in *Koon v. Tramel*, 71 Iowa, 132. Something is said in argument to the effect that the defendant's mortgage should be postponed to that of the plaintiff, because it was given to secure an antecedent indebtedness. It is true that the mortgage was for an antecedent debt, but there was a renewal of the notes, and an extension of the time of payment; and this is regarded as a valuable consideration, and sufficient to support a mortgage as a purchase for a valuable consideration. *Koon v. Tramel, supra; Port v. Embree*, 54 Iowa, 14; Jones, Mortg., § 459.

It is claimed by counsel for the plaintiff that there is no evidence that the mortgage of Davis & Sons was for a full consideration. It is true, there is no direct proof that Lutkiewiez was actually indebted to them in the full amount of the notes executed by him to them. But the plaintiff made no issue upon this question. He did not make the charge in his petition that the mortgage to Davis & Sons was fraudulent as being without consideration. The petition charges that Davis & Sons took their mortgage with notice that the

plaintiff's mortgage, as it was there recorded, was for the purchase-money. The question as to the consideration of appellant's mortgage was not in issue, and the introduction of the notes and mortgage was all that was necessary to show the amount actually due to the defendants. The plaintiff, having charged that the defendants had notice of the mistake in the mortgage, made no attempt to prove that averment. If it be correct, as claimed by appellee, that it was incumbent on the defendants to show that they had no such notice, we think they made sufficient proof of that fact. Whether the burden was upon defendants to prove such fact, we need not determine. In *Sillyman v. King*, 36 Iowa, 207, and cases there cited, it is held that a subsequent purchaser of land will hold the same against one having a prior unrecorded deed, provided he can show that he made his purchase in good faith, and paid the consideration without notice of the prior deed. But that rule does not appear to us to be applicable to the question as to the priority of these mortgages. When Davis & Sons took their mortgage, there was no other mortgage upon this land. The plaintiff's mortgage was not upon this land. The instrument which had been placed upon record was not a mortgage on this land, even as between the plaintiff and Lutkiewiez. It could not have been enforced against this land without a decree reforming it and correcting the mistake, or without a correction of it made by the parties, which was equivalent to the making of a new mortgage.

Much stress is placed upon the fact that the deed made by the plaintiff was unrecorded when Davis & Sons took their mortgage. It is said that the absence of the record was sufficient to put the defendants upon inquiry as to the rights of the plaintiff. We do not think that the fact that the deed was not recorded should have this effect. An unrecorded deed is valid as to the whole world except a subsequent purchaser for a valuable consideration without notice. Surely, the deed itself is better evidence of title in the grantee than

the record of the deed. This deed the mortgagor had and held when Davis & Sons took their mortgage. A record of it would have imparted no notice not imparted by the original instrument.

We have carefully examined the case of *Flynt v. Arnold*, 2 Metc., 619, and other cases cited by counsel for appellee, and we do not think that they adopt a rule which would make the plaintiff's mortgage a prior lien. It is true that in the case cited it is said that one who purchases land from a person holding an unrecorded deed purchases at his peril. But this proposition cannot be sustained, because, under our registry laws, the holder of an unrecorded deed has a complete title except as against a subsequent good-faith purchaser without notice.

We think the decree of the court below must be

REVERSED.