WALTER A. WOOD MOWING & REAPING MACHINE COMPANY
v. LEE *et al.*

Under Comp. Laws, Sec. 4379, providing that a chattel mortgage shall be void, as against "supsequent purchasers and incumbrancers of the property in good faith for value," unless the mortgage, or an authenticated copy, be filed, a partner who, on dissolution, takes a mortgage, for an amount then becoming due him, on the individual property of his former partner, without notice of other incumbrances thereon, is an incumbrancer in good faith for value.

(Opinion Filed July 15, 1896.)

Appeal from circuit court, Minnehaha county. Hon. D. HANEY, Judge.

Action to determine priority of mortgage liens. Defendants had judgment, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Boyce & Boyce,* for appellant.

To entitle defendants to priority they must, at the time of taking the mortgage to them, have paid or advanced to Lee some consideration, or have relinquished some security theretofore held by them, discontinued some action or proceedings already pending for the collection of their demand, or have in some other way acted to their prejudice. Bank v. Bates, 120 U. S. 556; Cary y. White, 52 N. Y. 138; Cassidy v. Harrolson, 29 Pac. 526; Wood v. Robinson, 22 N. Y. 564; Bank v. Oium, (N. D.) 54 N. W. 1034; Cummings v. Boyd, 83 Pa. St. 372; Clark v. Flint, 22 Pick., 243; Jones v. Graham, 77 N. Y. 628. See also Bank v. Godfrey, 23 Ill. 606. The taking of a mortgage securing an existing liability and maturing at some future time does not *per se* operate to extend the time of payment to such maturity. Cary v. White, *supra;* United States v. Hodge, 6 How. 279. A mortgage given as collateral security for a past indebtedness, or in payment of a past indebtedness where no security is parted with, or other change made to the detriment of the mortgage, does not constitute the mortgagee an encumbrancer for value. Bank v. Bates, *supra;* Cary v. White, *supra;* Cassidy v. Harrolson, *supra;* Kohl v. Lynn, 34 Mich. 360; Milton v. Boyd, 22 Atl. 1078; Bank v. Godfrey, *supra;* Tutton v. Rathbone *et al,* 118 N. Y. 666; Weaver v. Barden, 49 N. Y. 286; Moore v. Ryder, 65 N. Y. 438; Stone v. Welling, 14 Mich. 514; Cobbey on Chat. Mortg. § 129; Brown v. Brabb, 67 Mich. 17; S. C. 34 N. W. 403; Thompson v. Van Vechten, 27 N. Y. 568.

*Winsor & Kittredge (James I. Best,* of counsel), for respondents.

If appellant had desired to litigate the question as to whether respondents were encumbrancers for value, it should

have alleged in its complaint that they were not, and thus have tendered such issue. In the absence of such averment there is no such issue. Davis v. Luktenweiz, 72 Iowa 254; Ryder v. Rush, 102 Ill. 338. Where a prior mortgagee brings an action to have his unrecorded mortgage adjudged a prior lien to a subsequent mortgage duly recorded, the burden is upon him to show that such subsequent mortgage was taken with notice or that it was not taken for value. Jones on Mortgages, § 579; McCormick v. Leonard, 38 Iowa, 272; Rogers v. Pierce, 12 Nebr. 48; Center v. Bank, 22 Ala. 743; Foote v. Purch, 9 Barb. 78; Ryder v. Rush, *supra*; Gromvies v. Reed, 107 Ill. 304; Anthony v. Wheeler, 130 Ill. 128; Sheffey v. Bank, 33 Fed. 315. The presumption that a subsequent mortgagee is a *bona fide* encumbrancer was sufficient to establish such fact in the absence of any testimony to show that the mortgage was not taken for value. Rogers v. Pierce, *supra*; Ryder v. Rush, *supra*; Anthony v. Wheeler, 130 Ill. 128. The facts established upon the trial show that respondents were encumbrancers for value. Young v. Lee, 12 N. Y. 511; Brown v. Leavitt, 31 N. Y. 113; Pratt v. Coman, 37 N. Y. 440; Chrisler v. Griswold, 43 N. Y. 209; Ort v. Embree, 54 Iowa 14; 1 Jones on Mortgages, 459; Carey v. White, 52 N. Y. 138; Port v. Embree, 54 Iowa 14; Koon v. Tramel, 71 Iowa 131; Davis v. Lulkewiez, 72 Iowa 154; Gilchrist v. Gough, 63 Ind. 576; Bowling v. Howell, 93 Ind. 329; Burns v. Rolands, 40 Barb. 369.

FULLER, J. Whether, under the circumstances of this case, plaintiff's unfiled chattel mortgage, executed by the defendant Lee on the 9th day of April, 1890, is entitled to priority over a mortgage upon the same and other personal property executed subsequently by said Lee to the defendants F. H. Peavey & Co., and filed on the 3d day of May, 1890, is the principal question presented by this appeal which is taken by plaintiff from a judgment in favor of defendants for costs, and upon all the issues within the pleadings. The substantive facts are

few, and as follows: Lee, who was the owner of a flouring
mill and grain elevator, together with certain other buildings,
situated upon the land of another, and used in the business of
manufacturing flour, and in the purchase and sale of grain and
coal, entered into a co-partnership with Peavey & Co. on the
28th day of September, 1889, by virtue of which the latter sub-
sequently advanced to the former $36,000 to be used in carrying
on the business above mentioned, in the name of said Lee, but
for the mutual benefit of the respective parties to said agree-
ment, which, by its terms, might be terminated by either party
upon 10 days' notice to the other.    The ownership of the above-
mentioned buildings and appurtenances, the value of which
was estimated at $25,000, was to continue in Lee, and all money
advanced by Peavey & Co. was to remain their separate prop-
erty during the life of the contract.    After deducting 8 per
cent annual interest from the profits of the business, to be com-
puted for the benefit of each party upon individual investments,
as above indicated, the net profits of the business were to be
shared alike between the parties; and the loss, if any, was to
be likewise equally borne.    On the 1st day of May, 1890, by
consent of the parties, the contract between them was termin-
ated, a final adjustment of accounts was had, and in settlement
of an agreed balance then found to be due, according to the
import of the written agreement under which the parties had
operated, Lee executed and delivered to Peavey & Co. his
promissory note for $20,000, payable on demand, and secured
by a mortgage in which was included the property described in
appellant's previously executed, but unfiled, chattel mortgage,
given to secure an existing indebtedness of about $2,400.    Evi-
dently believing that Lee owned the ground upon which his
buildings are situated, Peavey's mortgage was, in the first in-
stance, drawn upon a form applicable only to real property;
but in order to accomplish what the parties intended, and make
the incumbrance effectual, said mortgage and note for $20,000,
payable on demand, were surrendered to Lee, who, in consid-

eration therefor, on the 3d day of May, 1890, executed and delivered to Peavey & Co. his promissory note for the same amount, due 30 days after date, secured by a duly-executed chattel mortgage upon the property in question, which was immediately filed in the office of the register of deeds, and several days before the filing of appellant's mortgage.

Sec. 4379 of the Compiled Laws provides that "a mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated." While conceding that their client made no attempt to comply with the foregoing statutory enactment, and that Peavey & Co. were entirely ignorant of the existence of any prior mortgage upon the property, it is contended that appellant is entitled to priority because the debt to secure which the Peavey mortgage was given did not originate after the execution of appellant's mortgage, and before the filing of the same, and that said Peavey & Co. are not "incumbrancers of the property in good faith for value." By the terms of the contract the relation of debtor and creditor was not created by the advancement of funds by F. H. Peavey & Co. to respondent Lee with which to prosecute the co-partnership business. The $36,000 was at all times during the existence of the partnership the individual property of F. H. Peavey & Co., and at no time prior to the mutual cancellation of the partnership agreement, and adjustment of accounts, had they parted with the ownership of any part thereof. In settlement of their affairs, Lee turned over certain partnership effects, valued at $16,000, and gave his secured promissory note for $20,000, which stood for an unliquidated cash balance in his hands still belonging to his co-partners, but to the possession of which they were not entitled during the life of the contract. By an agreement thus based upon an accounting at the

winding up of their partnership business, and at a time when Lee's property appeared to be clear of incumbrances, the relation of debtor and creditor between the former partners was created and F. H. Peavey & Co. became incumbrancers in good faith for value, without notice of appellant's mortgage. In the absence of an allegation or proof of unfairness, or that the incumbrance was not for value, the presumption that the mortgage was executed upon a valuable consideration, and that the transaction was fair and regular, would doubtless prevail. The burden in that respect being upon appellant, in order to recover it should have alleged and shown bad faith, or want of consideration. Ryder v. Rush, 102 Ill. 338; McCormick v. Leonard, 38 Iowa 272; Rogers v. Pierce, 12 Neb. 48, 10 N. W. 535. Moreover, by the surrender of the note, payable on demand, in exchange for one equal in amount, due in 30 days, Peavey & Co. parted with sufficient value, and extended the time within which payment might lawfully be demanded. This transaction alone imports a consideration, and is sufficient to constitute Peavey & Co. *bona fide* holders of the note and mortgage in question. Pratt v. Coman, 37 N. Y. 440, Port v. Embree, 54 Iowa 14, 6 N. W. 83; Gilchrist v. Gough, 63 Ind. 576; Burns v. Rowland, 40 Barb. 368. As upon both principle and authority, the record fully establishes F. H. Peavey & Co.'s right to priority over the unfiled mortgage of appellant, the judgment of the trial court is affirmed.

HANEY, J., took no part in the decision.