Argued March 22, affirmed April 9, 1918.

## ROLFE *v*. DIXON.

(171 Pac. 1176.)

**Mortgages—Mortgagee as Bona Fide Purchaser—Burden of Proof.**

1. In action to foreclose purchase-money mortgage, where junior mortgagee defended on ground his mortgage was first recorded and he had no notice of plaintiff's mortgage, he had the burden of proving his *bona fides* as purchaser.

**Deeds—Delivery—Presumption.**

2. The presumption that a deed was delivered on the date it bears must fail when the evidence discloses that it was placed in escrow and acknowledged some days later.

**Escrows—Delivery in Escrow.**

3. The rule that an unrecorded deed is valid between the parties does not apply where the deed has not been delivered, but is held in escrow.

[As to deeds delivered in escrow, see notes in 53 Am. St. Rep. 555; 130 Am. St. Rep. 910.]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

Plaintiff commenced this suit to foreclose a real estate mortgage executed by the defendants Dixon. As alleged in the complaint, C. W. Young, was joined as a defendant for the reason that he was a junior mortgagee.

The defendants Dixon made default. Defendant Young filed an answer, the substance of which is that he loaned the Dixons $500 in cash upon their representation that they were the owners in fee of the lands described in the mortgage, and that they were free from any other encumbrances; that plaintiff's mortgage, while dated and executed December 20, 1911, was not filed for record until January 19, 1912; that defendant's mortgage was executed on January 3, 1912, and filed for record January 4, 1912, and defend-

ant had no knowledge or notice of plaintiff's mortgage or that the Dixons were indebted to the Rolfes or either of them.

The reply being filed, there was a trial resulting in a decree for plaintiff from which defendant Young appeals.                                             AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. A. E. Wheeler.*

For respondent there was a brief over the name of *Messrs. Smith & Calkins,* with an oral argument by *Mr. Fred E. Smith.*

BENSON, J.—So far as there is any evidence at all upon the vital question in this case there is no conflict, and there is but one issue of law which is, to determine whether under the facts the Young mortgage is prior to that of Rolfe.

As gleaned from the transcript of evidence, the history of the various transactions is about as follows: Rolfe being the owner of 85 acres of farming land listed it with a real estate broker for sale at the price of $4,000. The broker thereafter notified him that a customer had been secured who would buy the place, giving in exchange therefor a piece of property in Eugene valued at $2,000, and promissory notes for the remaining $2,000 secured by a mortgage on the 85 acre tract. This being satisfactory to Rolfe he prepared a deed conveying the farm to the customer, Dixon, which was signed and acknowledged by himself and wife on December 20, 1911, and at the same time prepared a mortgage and promissory note to be executed by the Dixons. These papers were left with the broker by Rolfe to be held in escrow, the deed to be delivered to Dixon when he should deliver

a deed to the city property clear of encumbrance and with his wife execute the mortgage. The record is absolutely silent as to when Dixon delivered the mortgage and the deed to the city property; the only evidence which might throw any light upon the subject being the certificate of the notary public that both instruments were acknowledged before him on December 26, 1911. Neither the Dixons nor the broker were called as witnesses and no explanation is given of their absence. On January 3, 1912, Dixon applied to defendant Young for a loan of $500, offering the farm land as security. There is no evidence as to whether he claimed to be the owner of the land which he offered as security. Young directed his attorney to examine the record to learn whether the land was otherwise encumbered, and he did so, but did not inspect the deed records to find out who held the record title. Thereafter, on the same day the loan was made and the Dixons executed a mortgage, covering 80 acres of the farm tract, which was filed for record the next day, January 4th. The Rolfe mortgage was not filed for record until January 19, 1912, and the deed from Rolfe to Dixon was not filed for record until February 6, 1912.

1. Defendant urges that the burden of proof is upon the plaintiff to impeach the *bona fides* of defendant as a purchaser, and cites the case of *Jackson* v. *Reid,* 30 Kan. 11, in support of this doctrine. We have been unable to find any support for this authority, and in any event in this state the converse is the settled rule: *Jennings* v. *Lentz,* 50 Or. 483 (93 Pac. 327, 29 L. R. A. (N. S.) 584), and cases there cited.

2. In his effort to establish the fact that the deed had been delivered prior to the execution of his mortgage on January 3d, defendant invokes the presumption

that a conveyance was delivered on the date that it bears, which in this instance was December 19, 1911, but the evidence discloses that the deed was placed in escrow on that day to be delivered upon the execution of the deed and mortgage to be given by the Dixons, and these instruments were not acknowledged until December 26, 1911, and so the presumption relied upon must fail, and defendant has not established the important fact that his grantor had any interest in the land at the date of the execution of his mortgage.

3. It is urged that an unrecorded deed is valid between the parties and overcomes the notice imputed by the fact that on that date the record title was in Rolfe, and the case of *Davis* v. *Lutkiewiez,* 72 Iowa, 254 (33 N. W. 670), is cited in support of this contention. This case is of no assistance to defendant for the reason that in the opinion therein the court says: "This deed the mortgagor *had and held* when Davis & Sons took their mortgage." In the instant case there is not a shadow of evidence that Dixon had or held the deed from Rolfe on January 3d, and since the burden is upon the defendant the conclusion must be against him. The decree of the trial court is affirmed.

AFFIRMED.

McBRIDE, C. J., BEAN and McCAMANT, JJ., concur.