Argued January 6, affirmed February 1, 1927.

## JOHN ROSETTO *v.* A. MILLER.

(252 Pac. 707.)

**Appeal and Error—Findings of Fact by Court in Case Tried Without Jury have Effect of Verdict (Or. L., § 159).**

1. Under Section 159, Or. L., in case tried by court without jury, findings of fact are deemed verdict and have same force and effect.

**Appeal and Error—Supreme Court cannot Disturb Finding of Trial Court Based on Conflicting Evidence in Case Tried Without a Jury (Const., Art. VII, § 3c).**

2. Under Constitution, Article VII, Section 3c, Supreme Court cannot disturb finding of trial court in action on award based on conflicting evidence tried without a jury.

---

Appeal and Error, 4 C. J., p. 876, n. 78, p. 883, n. 33.

2.  See 2 R. C. L. 204.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This is an action upon an alleged award of arbitration for damages done by defendant's cattle upon plaintiff's premises. The cause was tried by the court without the intervention of a jury. The court duly made and filed its findings of fact and conclusions of law and entered a judgment dismissing plaintiff's complaint, from which judgment defendant appealed.                                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief over the name of *Mr. L. H. Tarpley,* with an oral argument by *Mr. W. Y. Masters.*

BEAN, J.—It appears that on August 1, 1924, the plaintiff and defendant entered into a written agreement reciting that, whereas the cattle of the defendant Miller had entered upon the land of plaintiff Rosetto and destroyed some growing crops, they agreed to arbitrate the amount of damages; each party was to pick one disinterested man as an arbitrator to examine and estimate the damages and in case they could not agree, then the parties so selected were to pick a third person.

Plaintiff alleges that thereafter he selected D. Garribo and the defendant selected Joe Reghitto as arbitrators; that they made the examination and estimated the damages to be $350, and signed a statement to that effect.

The defendant admits the making of the agreement for arbitration, but denies that he selected Joe

Reghitto as an arbitrator, and testifies that he selected one Joe Calcagno as such arbitrator, whom he sent to the plaintiff to act, and the plaintiff informed Calcagno that the matter was already arranged. Defendant denies that any award was ever made under the agreement. The testimony in the case tended to support the answer of the defendant and to sustain the findings made by the trial court.

1. Under Section 159, Or. L., in a cause tried by the court without a jury, the findings of fact are deemed to be a verdict, and have the same force and effect: *Warren* v. *Dinwoodie,* 88 Or. 342 (171 Pac. 1176); *Watts* v. *Spokane, P. & S. R. R. Co.,* 88 Or. 192 (171 Pac. 901); *Portland & O. C. Ry. Co.* v. *McGrath,* 88 Or. 346 (171 Pac. 1181).

2. By virtue of Article VII, Section 3c of the Constitution, in an action at law no fact tried by a jury shall be otherwise re-examined in any court unless the court can affirmatively say there was no evidence to support the verdict. The court cannot disturb a verdict or finding which shall have the force of a verdict on conflicting evidence: *Walker* v. *Warring,* 65 Or. 149 (130 Pac. 629); *Sun Dial Ranch* v. *May Land Co.,* 61 Or. 205 (119 Pac. 758); *Sigel* v. *Portland R. L. & P. Co.,* 67 Or. 285, 290 (135 Pac. 866); *Taggart* v. *Hunter,* 78 Or. 139 (150 Pac. 738, 152 Pac. 871, Ann. Cas. 1918A, 128).

It is suggested in the brief of plaintiff that under Article VII, Section 3c of the Constitution, this court consider the testimony and render such judgment as should be entered upon the merits of the case. The testimony, as to the amount of damages done by defendant's cattle to plaintiff's crops, is not in a condi-

tion to enable the court to apply that part of the section of the Constitution referred to.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

BURNETT, C. J., and COSHOW and RAND, JJ., concur.