HENRY WUENNECKE, Administrator, Appellant, v. VERONA HAUSMAN et al., Appellees.

No. 41675.

MARCH 14, 1933.

REHEARING DENIED JUNE 23, 1933.

H. H. Haehlen, and George W. Bunge, for appellant.

J. W. Dempsey, and Higbee & Higbee, for appellee L. H. Martin.

STEVENS, J.—On June 14, 1926, Verona Hausman, widow, executed two mortgages upon certain real estate in Allamakee county as follows: One to A. H. Freiberg to secure an obligation of $12,162.58; the other to the Farmers Savings Bank of New Albin, Iowa, to secure an obligation to the bank of $3,850.

On June 7, 1929, this action to foreclose the mortgage last referred to was commenced in equity in Allamakee county district court by Christ Wuennecke, the holder thereof. During the course of the litigation, the plaintiff died, and Henry Wuennecke, administrator of his estate, was substituted as plaintiff. The appellee Martin, who is the holder of the mortgage first referred to, filed a cross-petition alleging priority of his mortgage, and praying the foreclosure thereof. The sole issue presented is that of priority of the two above-mentioned mortgages.

The statement of counsel for appellant goes into much detail as to numerous transactions, but we shall limit our recital to such matters as are necessary and material to the disposition of the issue presented for review. The mortgages were executed simultaneously and delivered to the recorder by the same person. The mortgage to Freiberg was filed for record five minutes before the mortgage to the bank. The evidence shows without conflict that Freiberg, the mortgagee, took the mortgage in his name as a matter of convenience only, and that, while he was the cashier of the Farmers Savings Bank in this transaction, he represented the appellee L. H. Martin, who furnished the consideration for the mortgage indebtedness. There can be no question as to these facts. As to the other mortgage, Freiberg and one Dempsey, who was attorney for the bank, represented it in the transaction. Each of the respective mortgages recites that the premises described therein are free and clear of all liens and incumbrances whatsoever.

Appellant relies upon the rule that two mortgages, executed at the same time and recorded at the same time, are concurrent and of equal priority. Koevenig v. Schmitz, 71 Iowa 175, 32 N. W. 320.

The evidence, however, without dispute shows that, on the same day and just immediately prior to the execution of the two instruments, it was orally and specifically agreed between the mortgagor, Freiberg, and Dempsey, representing the bank, and Freiberg, representing Martin, that the larger mortgage should be a first mortgage and a prior lien upon the mortgaged premises; that the respective instruments were delivered to the county recorder by Dempsey and filed for record in the order stated in pursuance of and for the purpose of carrying out the said oral agreement. Nothing appears to have been said about the alleged oral agreement to the attorney who drew the mortgages, and this, no doubt, accounts for his failure to include a recitation in the mortgages fixing the priority thereof.

As appears from the foregoing statement, the oral agreement was entered into prior to the execution of the mortgages. It is now urged by appellant that parol evidence is not admissible as between the parties to prove such oral agreement. An oral agreement of the character stated is just as binding upon the immediate parties, when made prior thereto or simultaneously with the execution of a written instrument, as though it be embodied therein. The question at this point is one of the admissibility of evidence to establish same. If evidence of an alleged oral agreement be admissible and, when received, establishes the same, then it is immaterial whether it was entered into prior or subsequent to the execution of the writing.

It will first be noted that the mortgagees named in the respective instruments are not the same. It is well settled that the parol evidence rule is not applicable to third parties who are strangers to the writing. Bowman v. Besley, 122 Iowa 42, 97 N. W. 60; Lamb v. Morrow, 140 Iowa 89, 117 N. W. 1118, 18 L. R. A. (N. S.) 226; Wheeler v. Schilder, 183 Iowa 623, 167 N. W. 534; Nissen v. Sabin, 202 Iowa 1362, 212 N. W. 125, 50 A. L. R. 1216.

Appellant was a stranger to the mortgage executed to Freiberg and by him assigned to the appellee Martin. As against him, parol evidence was admissible to establish the oral agreement between Freiberg, mortgagee, and Mrs. Hausman, mortgagor.

The evidence further shows without conflict that, at the time the bank's mortgage was transferred to Christ Wuennecke he was duly informed of the oral agreement and knew that it was the intention and agreement of the parties that the Martin mortgage was to have priority. It is immaterial, therefore, whether the record imparted constructive notice to appellant or not. The authorities fully

728

sustain the above pronouncement. Koon v. Tramel, 71 Iowa 132, 32 N. W. 243; Dahlstrom v. Ablieter, 156 Iowa 187, 135 N. W. 567, 39 L. R. A. (N. S.) 524. The intention of the parties to give priority to the larger mortgage is clearly and definitely shown.

The court upon the record thus presented found, and decree to that effect was entered, that the mortgage of appellee Martin was senior and prior to the mortgage of appellant, and judgment was entered and foreclosure of the respective mortgages decreed in the order of priority stated.

It should, before closing, be stated that appellant expresses the opinion that the evidence was insufficient to prove the alleged oral agreement. No witness testified in denial thereof. Emphasis, however, is given to the failure of the parties to advise the attorney who drew the mortgages of the oral agreement so that proper reservation could be placed in the written instruments. This is a circumstance which goes directly to the credibility of the testimony, but it is hardly sufficient to overcome it. Freiberg, Dempsey, who was present and heard the agreement, and the mortgagor, were all witnesses upon the trial, and testified to the agreement. The question is free from doubt. It follows, necessarily, that the judgment and decree from which this appeal is taken should be and it is affirmed. —Affirmed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.