## WIEDNER v. THOMPSON ET AL.

66  288
119  450

1. **Execution Sale:** INJUNCTION BY HOLDER OF SENIOR LIEN CANCELED BY MISTAKE. The holder of a senior lien upon real estate is not entitled to an injunction to restrain a sale of the property for the satisfaction of a junior lien—not even where the senior lien has been canceled of record by a mistake to which the junior lien-holder was not a party, and for which he was in no way responsible.

*Appeal from Page District Court.*

THURSDAY, JUNE 4.

ACTION for an injunction, and to foreclose a mortgage. A preliminary injunction was allowed, but the defendants filed an answer and moved to dissolve the injunction. The motion was sustained. From the order sustaining the motion the plaintiff appeals.

*W. W. Morsman* and *Clark & Parslow,* for appellant.

*S. C. McPherrin,* for appellees.

ADAMS, J.—The plaintiff seeks to enjoin an execution sale of real estate, which sale the defendant Jennie Thompson is seeking to make upon a judgment obtained by her against one E. C. Wiedner, the owner of the real estate at the time the judgment was rendered. The plaintiff does not deny

that the judgment is a lien upon the property, but avers that it is inferior to a certain mortgage held by him; and, while he does not deny that the defendant Jennie would ultimately be entitled to enforce her judgment by execution sale, he avers that there are certain equities by reason of which she ought to be restrained from enforcing it now. The facts out of which the alleged equities arise are substantially as follows: At the time the judgment in question was obtained, there was a mortgage upon the property executed by the judgment debtor, E. C. Wiedner, to one Poley. For some reason not explained, Poley took a deed of the property from the debtor. He does not appear to have taken it as a purchaser. He still held the claim, and the taking of the deed, we infer, was merely changing the form of the security. Afterwards the plaintiff, who is the father of E. C. Wiedner, paid Poley, and took from him a deed of the property, and also the mortgage and the note secured thereby. Whether he became a purchaser of the property from his son, or merely a purchaser from Poley of the claim held by him, does not appear. He claims that he became the owner of the mortgage debt and mortgage, and this will be conceded. At the time the mortgage was delivered by Poley to the plaintiff, Poley entered a cancellation of the same upon the mortgage records, and it is averred that this was done by mistake, and for the purpose only of transferring the title of the property to the plaintiff. It is also averred that it was not the intention of the plaintiff, nor for his interest, that the lien of the mortgage should be extinguished, and he claims that, as against the judgment, it ought not to be regarded as extinguished.

The action seems to have been brought with the view in part of giving constructive notice of the plaintiff's claim, and in part upon the theory that the question of the validity of the mortgage lien ought to be settled before the property is allowed to go to sale upon the defendant's execution. The only question now presented is as to whether the injunction

Wiedner v. Thompson et al.

was properly dissolved. In answer to this question, we have to say that we think it was. Where an execution is levied upon real property upon which the judgment is not a lien, the court will enjoin the sale to prevent a cloud from being cast upon the title. It is no hardship upon the execution creditor in such case, because he is not entitled to sell the property at all. *Key City Gas-light Co. v. Munsell*, 19 Iowa, 305. In the case at bar, the judgment is a lien. The most which the plaintiff claims in respect to it is that it is inferior to the lien of his mortgage. We have seen no case where a senior lien-holder has been held to be entitled to an injunction to prevent a junior lien-holder from selling. It is true that the case at bar has this peculiarity: The senior lien at present stands canceled of record; and if it exists at all, it is by reason of the plaintiff's equitable right to have the same restored. But the execution creditor was not a party to the cancellation, nor in any way responsible for the alleged mistake. She ought not to suffer by reason of it, and yet she would suffer if she should be subjected to delay in enforcing her judgment. Courts of equity may doubtless sometimes relieve against a mistake in the cancellation of a mortgage, but not by putting a person who was not a party to the mistake in a worse position than he would have been if the mistake had not been made.

Whether the plaintiff is entitled to any relief we do not determine. If he is, his claim can be asserted against any purchaser who had actual or constructive notice of his claim. The injunction, we think, was properly dissolved.

AFFIRMED.