VIRDEN v. SHEPARD ET AL.

1. **Judgment:** LIEN ON OTHER JUDGMENT: PRIORITY: LIMITATION: PARTIES. P. obtained a judgment against B. which, in an action by S. against P., was, in 1862, decreed to be the property of S. In 1863, in an attachment proceeding by V. against P., B. was garnished as P.'s debtor, and judgment was in the same year rendered against him, as such garnishee, in favor of V., for a portion of said first-named judgment. In 1881, S. brought an action against B. on the judgment, and recovered a new judgment thereon. In 1883, V. brought an action against B. on the judgment against him as garnishee, making S. a party, and asking that his judgment be decreed to be a lien upon the original judgment against B., superior to the judgment obtained by S. against him. S. had not, prior to the garnishment of B., had her title to the judgment made of record on the judgment docket, as required by § 3196 of the Revision. Without determining which party had originally the prior lien on the judgment, *held* that whatever lien V. had he lost in 1873— ten years after the date of his judgment, (Rev. §§ 4105, 4109,) and that in 1881, when S. brought her action to renew the judgment in her favor, V. was not a necessary party, because he had then no lien, and that, upon S.'s obtaining a new judgment for the whole amount of the original judgment and interest, V. was precluded from claiming, as against her, any part of the original judgment.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, OCTOBER 12.

ACTION IN EQUITY. From the judgment the plaintiff appeals.

*Alford & Gates*, for appellant.

*Boies, Husted & Boies*, for appellees.

SEEVERS, J.—In 1861, George B. Pratt recovered a judgment against the defendant Brainard. In 1862, the defendant Mrs. Shepard, who was then the wife of said Pratt, commenced an action against him to procure a divorce. Among other things it was provided that said judgment should become the property of Mrs. Pratt, as alimony allowed her by the court, and said judgment was assigned and transferred to her by the judgment in the action for a divorce. In 1863,

the plaintiff commenced an action against George B. Pratt, in which an attachment was issued, and Brainard was garnished in such action; and thereafter, in the same year, a judgment was rendered in said action against Brainard for $371.52 and costs. In 1881, defendant brought an action on the judgment which had been recovered by George B. Pratt, and she recovered a judgment against Brainard for $2,754.58, and costs. This action was commenced in 1883, the object of which is to recover judgment against Brainard on the judgment rendered against him as garnishee in favor of the plaintiff, in 1863, and to have the same declared the superior lien on the judgment in favor of George B. Pratt against Brainard. The court granted the relief as to Brainard, but dismissed the petition as to the defendant Shepard.

I. Apparently two judgments, one in favor of appellant, and the other in favor of the defendant Shepard, have been rendered against Brainard for the same indebtedness, and, if both are or can be enforced, great injustice will be done him. But we are powerless to correct the wrong, because he has not appealed, and makes no complaint in this court; and whether he was in fact a party in the circuit court, or made any defense, or asked any relief, we are not advised. The only questions we are required to determine are as to the rights of the appellant and the defendant Shepard.

II. Conceding that plaintiff obtained a lien on the judgment in favor of George B. Pratt against Brainard, by virtue of the judgment rendered in his favor in the garnishment proceeding, such lien ceased to exist in 1873, or ten years after it was rendered. (Revision, §§ 4105, 4109.) It must certainly be true that the defendant became the owner of the George B. Pratt judgment when it was decreed to be her property in the divorce proceeding in 1862. This being the case, she was authorized to bring an action thereon when she did, in 1881, and procure a judgment in her own favor against Brainard. (Code, § 2521.) This judgment must be regarded as a conclusive adjudication, as against Brainard,

that the defendant Shepard is the owner of such judgment, and she is entitled to receive the whole amount due thereon. Now, as the plaintiff had no lien on the judgment in favor of George B. Pratt, at the time the defendant commenced her action thereon and obtained said judgment in her favor, it seems to us that this is an end of the case, for the reason that, as the plaintiff had no lien, equity cannot give him one.

It is true, the plaintiff was not made a party to such action, nor was he a necessary party thereto, for the reason, as we have said, that he had no lien on the judgment. Counsel for the plaintiff contends that, because the defendant Shepard did not cause an assignment of the judgment in favor of George B. Pratt to be entered, or made of record, as provided in Revision, § 3196, therefore appellant's judgment in the garnishment proceeding became the paramount lien. Under the view we have taken, this is wholly immaterial, for the reason that, if the plaintiff did then obtain a valid lien, he lost it by his failure to enforce it within the time the statute provides it shall remain in existence. We think the judgment is right, and must be          AFFIRMED.