THE McCORMICK HARVESTING MACHINE COMPANY v. W. S. LLEWELLYN, Appellant.

<div style="float:right">96 745<br>119 450</div>

REDEMPTION: *Junior mortgage.*

*Appeal from Appanoose District Court.*—HON. H. C. TRAVERS, Judge.

SATURDAY, DECEMBER 14, 1895.

This is a suit in equity to redeem real estate from a sale made in pursuance of the foreclosure of a mortgage. There was a decree in the court below for the plaintiff, and defendant appeals. *Affirmed.*

*Porter & Porter* for appellant.

*T. M. Fee* for appellee.

Rothrock, J. The cause was submitted in the court below upon an agreed statement of facts. It is unnecessary to set out the statement in full. The facts necessary to determine the question involved, briefly stated, are as follows. George W. Horn was the owner of the land in controversy, and on the first day of February, 1883, he executed a mortgage thereon to the Phoenix Mutual Life Insurance Company, to secure the payment of eight hundred dollars. On the first day of December in the same year, he executed another mortgage on said land to said insurance company, to secure the payment of one thousand two hundred dollars. On the fourth day of October, 1884, said Horn sold and conveyed the land to Jacob R. Babbitt, who assumed the payment of the said mortgages, and Babbitt executed a mortgage on the land to Horn to secure the payment of six hundred dollars. On the twentieth day of July, 1886, the Phoenix Insurance Company

commenced actions for foreclosure on each of its said mortgages; and, on the twenty-fourth day of August in the same year judgments and decrees of foreclosure were entered in each case; and, on the twenty-eighth of September in said year, special executions were issued on each of said judgments, and the land was sold on said executions to the insurance company for the full amount of the judgments, interest and costs. On the eighth day of December, 1886, George W. Horn commenced an action against Babbitt for the foreclosure of his mortgage; and on the fourth day of April, 1887, judgment and decree were entered against Babbitt for the debt and costs, and a special execution was issued and the land was sold to George W. Horn on said execution on the twenty-ninth day of July, 1887. The insurance company and Horn assigned their certificates of sale to Llewellyn, the defendant herein; and on the third day of December, 1887, a sheriff's deed was made to the defendant on the sale under the insurance company's mortgage; and on the seventh day of September, 1888, a sheriff's deed was executed to the defendant, under the foreclosure of the mortgage from Babbitt to Horn.

It will be observed that these two deeds made to the defendant invested him with all the title which could be acquired under the three mortgages above named. It is under these deeds that the defendant claims he has the absolute title to the land, clear and free of liens or incumbrances.

We will now state the facts upon which the plaintiff founds its rights to redeem from the above-described foreclosures: On the thirty-first day of January, 1885, Babbitt executed a mortgage upon the land to the plaintiff herein, to secure the payment of two hundred and ninety dollars. This mortgage was payable on the first day of December, 1885, with ten per cent. interest from date. On the seventeenth day of March, 1887, the plaintiff commenced an action against Babbitt to foreclose its mortgage. Babbitt, the mortgagor, and Llewellyn, were made parties defendant. A decree was entered foreclosing that mortgage on the thirty-first day of March, 1887; and on April second, in the same year, a special execution was issued, and the land was sold thereunder to the plaintiff for the full amount of the judgment, interest, and costs; and on the twenty-seventh day of May, following, a sheriff's certificate of sale was made. No sheriff's deed has been made in pursuance of this sale. A most important fact to be considered in determining the right to redemption is that in each one of the foreclosures of the mortgages to the insurance company, and the mortgage to Horn, the parties executing the mortgages were alone made parties defendant, except that Llewellyn was made a defendant in the foreclosure of the Horn mortgage. The plaintiff herein was a junior mortgagee, and was not made a party. If this were all there is in the case, the right of the

plaintiff to redeem by an action in equity is conceded. We need not cite authority in support of this fundamental equitable rule.

As we understand counsel for appellant, they claim that the right of plaintiff to redeem was lost because of the foreclosure of its mortgage, and the sale of the land on special execution, at which sale the plaintiff bid the full amount of the judgment, interest, and costs. It is contended that this was a full satisfaction of the judgment. The argument in support of this proposition, briefly stated, is that, as the sheriff's sale to the plaintiff was made before the right of redemption under the other foreclosures expired, and before Llewellyn was entitled to a deed, it was a sale of Babbitt's right of redemption, and that the plaintiff might have taken possession under the sale, and held the land until the expiration of the right of redemption, or it might have effected a statutory redemption. It does not appear that the plaintiff attempted to take possesion of the land. The thought of counsel appears to be that the sale under the foreclosure is a complete satisfaction, and, because the sale has not been set aside, the plaintiff cannot redeem. We do not believe that this rule has any application to an equitable action by a junior mortgagee to redeem from senior mortgagees. It was the right of the junior mortgagee to redeem, and to maintain an action for that purpose, and in equity nothing less than a redemption from him by the senior mortgagee ought to be held to bar him from his right of redemption. The defendant, Llewellyn, was at all times charged by the record of the mortgage with notice of the right of the plaintiff to redeem and nothing but actual payment of it ought to be held to be a defense to an action in equity to redeem. The decree of the district court is *affirmed*.