FOLLIS A. WOOD, v. RANKIN BROS., GEO. PALMER & Co., AND C. S. FOSTER, Sheriff, Appellants.

Action to Enforce Judgment Lien: RIGHTS OF JUNIOR JUDGMENT
1  LIEN HOLDER. Where real property is sold on execution under a judgment, a junior judgment creditor who fails to redeem as provided in Code, sections 4045 and 4046, has no right or interest in the property which equity will enforce.

*Appeal from Page District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, FEBRUARY 4, 1903.

ACTION in equity to enjoin the sale of certain premises under execution. Defendants ask to be allowed, as judgment creditors, to redeem from plaintiff, holding title to the premises under sheriff's sale. Decree for plaintiff, from which defendants appeal.—*Affirmed.*

*Charles Smith Keenan* for appellants.

*Jennings & Crose* for appellee.

McCLAIN, J.—Without professing to be able to understand exactly the record as presented in appellants' abstract and appellee's additional abstract, we find the essential facts of the case to be that the premises to which the action relates belonged in 1895 to one Hall, and were occupied by him and his wife as a homestead; that the premises were abandoned as a homestead not later than 1895; that plaintiff claims title to said premises under an execution sale thereof made in 1896 under a judgment of a justice of the peace, filed in the office of the clerk of the district court on the 31st day of October, 1895, while defendants, Rankin Bros. and Geo. Palmer & Co. claim a lien on the same premises under judgments rendered against said Hall on November 20, 1895, and are threatening to issue execution on such judgments, and cause the premises to be sold. Plaintiff asks that this threatened action of defendants be enjoined, while defendants ask that they be allowed to redeem in equity from the sale under which plaintiff claims title. Plaintiff or his grantors have bought up other judgment liens against the premises, but the nature of these liens, or plaintiff's rights thereunder, need not be considered in determining the vital question in the case. The essential fact is that defendants held judgment liens on the premises at the time they were sold by the sheriff under a prior judgment lien, and, instead of

making the statutory redemption from the sale, they waited until the expiration of the statutory period, and then caused execution to be issued and levied on the premises. Appellants argue the case to some extent on the theory that the liens of their judgments, and the judgment under which plaintiff claims title by execution sale, attached concurrently at the expiration of the homestead right of Hall, and invoke the authority of *Kisterson v. Tate*, 94 Iowa, 65, in support of their contention that in such a case one judgment creditor who has acquired title under a prior execution cannot enjoin further sale of the premises under judgments which became liens as of the same date as his own.

But we do not find that the record supports the contention that the judgments became liens concurrently, and therefore do not pass upon this question. As we understand the record, the sale under which plaintiff claims was in pursuance of a judgment which was a lien on the premises before defendant's judgments were rendered, and we therefore have the simple question whether a junior judgment lienholder may redeem in equity from a sale made and deed executed under a prior judgment lien. Appellants' position is that, until their judgment liens are cut off by equitable foreclosure, their right to redemption continues. This is, no doubt, true as between a mortgagee and a judgment creditor having a lien junior to that of the mortgage, but attaching prior to the bringing of an action to foreclose such mortgage, for the mortgagee has a mere equity, which can only be enforced by foreclosure, and in a foreclosure proceeding all persons having liens on the premises should be made parties. *Wiedner v. Thompson*, 66 Iowa, 283. This doctrine, no doubt, applies wherever an equitable lien is sought to be foreclosed. *Virden v. Shepard*, 72 Iowa, 546; *Machine Co. v. Llewellyn*, 96 Iowa, 745. But plaintiff is not claiming under any foreclosure proceeding, but under an

ordinary execution sale to enforce a judgment. The lien of a judgment is purely statutory. *Welton v. Tizzard*, 15 Iowa, 495. And the rights of different judgment lien-holders are to be determined by statutory provisions as to redemption from execution sales (Code; sections 4045, 4046), without the necessity of any proceeding in equity. One who buys at a sale under a junior judgment takes subject to the right of the holder of the senior judgment to enforce his claim against the property, subject only to redemption (*Matless v. Sundin*, 94 Iowa, 111; *Marshall v. McLean*, 3 G. Greene, 363), while, on the other hand, the holder of a junior judgment lien has no redress, as against a sale of the property under a senior judgment, save by statutory redemption. As the appellants in this case did not make statutory redemption, although they had the opportunity to do so, their liens on the premises were cut off and effectually barred by the sale under the senior judgment lien, through which plaintiff claims title.— AFFIRMED.