M. A. SMITH, as Liquidator of the Orlando Bank & Trust Company, v. W. A. PATTISHALL, as Trustee under the last will and testament of MARY O. BEEMAN, deceased.

173 So. 355.
Opinion Filed March 16, 1937.

*Crawford & Gaskin* and *C. O. Andrews & Son,* for Plaintiff in Error;

*W. A. Pattishall,* for Defendant in Error.

BROWN, J.—Lester A. Beeman was the owner of a small but centrally located vacant lot, twenty feet wide North and South and about seventy-eight feet long East and West, in the City of Orlando. A suit was pending against him by the liquidator of the Orlando Bank & Trust Company to recover some $15,000.00. On October 9th, 1931, just seventeen days before judgment was recovered against him in said suit, Beeman undertook to convey the lot to his mother, Mrs. Mary O. Beeman, but the description in the deed was defective, and the deed only actually embraced and conveyed a narrow strip of this land about seventy-eight feet long which comprised the South 1.29 feet of said lot, thus leaving the title in Lester Beeman to the North 18.71 feet of said lot. This error in description was not discovered until some time later. So the lien of the judgment, which was rendered against Beeman seventeen days later, and the execution thereon attached to the greater part of this lot, the title to which had never passed out of Lester Beeman, and was clearly subject to execution and sale under the bank's judgment.

Shortly thereafter the Bank or rather its liquidator, filed a suit in equity against Beeman and his mother's guardian to have the deed from Beeman to his mother declared fraudulent and void, on the ground that it was voluntarily made without consideration and in fraud of the Bank's debt and subsequent judgment. This case was decided in favor of the defendant Beeman, and a final decree rendered upholding the validity of the deed as against the particular attack made upon it in that suit. But as the deed there involved did not embrace the North 18.71 feet of the lot, to which the lien of the Bank's judgment had already attached, it would appear that the decree thus rendered did

not estop the bank, or its liquidator, from seeking to subject said omitted property to the payment of its judgment, and subsequent to said judgment the Sheriff levied upon the North 18½ feet of the property thus omitted, without the bank's fault, from Beeman's deed to his mother.

Sometime after this, Mrs. Beeman having died, the administrator *cum testamento annexo* of her estate filed his bill in the instant suit, praying that the description in the deed from Lester Beeman to his mother be reformed so as to embrace the approximately 18½ feet which had so been levied upon, and obtained an order restraining the Sheriff from proceeding further with the sale until the final disposition of the cause. The liquidator's motion to dismiss the bill was denied.

In an amended answer to said bill, the liquidator of the bank alleged the superiority of the bank's lien to the alleged right of the administrator to reformation; that the bank's lien was acquired without notice in so far as the land levied on was concerned; that the deed, though recorded, did not cover this 18½ feet; that there had been no change in possession when the bank acquired its lien; and also by an amendment to paragraph 3, set up that the deed sought to be reformed was presumptively fraudulent, having been executed by Beeman to his mother while he was insolvent and while his debt to the bank was being reduced to judgment; that it was made voluntarily and without any consideration.

The amended answer also renewed the motion to dismiss the bill.

To this amendment to paragraph 3 of the answer, the plaintiff administrator filed a special replication setting up that this question was *res judicata;* that in the former suit hereinabove referred to, brought by the predecessor of

the present liquidator against Beeman and his mother, the same allegations were made and the court was asked to declare that the said deed was without valuable consideration, voluntary, fraudulent and void upon the same grounds, but that in that case a final decree upon the merits was rendered, denying the relief prayed for and dismissing the bill.

The defendant, the bank's liquidator, moved to strike the replication upon the grounds (1) that the deed involved in the former chancery case above referred to, and which deed is herein sought to be reformed, describes lands which are not covered or described in the bank's writ of execution, sale under which is by plaintiff sought to be enjoined; (2) that the deed was in fact fraudulent for the reasons above stated, and (3) that the records of the former case, despite the decree rendered, show that the said deed was voluntary and fraudulent, and the record of the testimony of Beeman in said suit was attached in support of this charge.

This motion to strike the plaintiff's replication was denied by the chancellor, and it is from this order that the present appeal was taken.

The second and third grounds of the motion to strike the replication may be disregarded, as they but reiterate, in substance the allegations already made in the answer, and also seek to question the matter adjudicated in the former suit between the same parties, or their predecessors; but the motion should have been granted upon the *first* ground. The first ground of the motion had merit. It sought to show that the approximately 18½ feet involved in this suit was not embraced in the former suit, and hence there was no identity in the thing sued for" in the two suits, so far as the 18½ feet is concerned. The defendant below might just as well have admitted that the former suit between the parties settled the question, which it did, that, at least in so

far as the property described in said deed was concerned, the deed from Beeman to his mother was not fraudulent or void, because the decree in that case adjudicated that question and it stands unreversed and in full force and effect. But, even if it be admitted that the deed was not fraudulent this 18½ foot strip was not included in that deed and not involved in that suit.

In Prall v. Prall, 58 Fla. 496, 50 So. 867, it was said:

"Where the second suit is upon the same cause of action and between the same parties as the first, the final judgment in the first suit upon the merits is conclusive in the second suit as to every question that was presented or might have been presented and determined in the first suit. When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first suit, and the first judgment is not conclusive as to other matters that might have been, but were not, litigated or decided. *The test of the identity of causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the actions.* It is of the essence of estoppel by judgment that it be made certain that the *precise facts* were determined by the former judgment. If there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment." (Italics supplied.)

Even when the cause of action is the same, and between the same parties there must be also "identity in the thing sued for." Gray v. Gray, 91 Fla. 103, 107 So. 261.

So as to this 18½ feet, there is no *res judicata.*

The cause of action is not the same. The former suit was brought by the bank's liquidator to have the deed declared fraudulent and void, as a conveyance of the land *therein described.* In that case the burden of proof was upon him. In the present suit, brought by the administrator of the grantee in that deed, he seeks to enjoin the sale under execution of a strip of land not described in the said deed involved in the former suit, which strip has since been levied upon by the bank, and to which plaintiff administrator admittedly has no record title, but to which he seeks to acquire title, after levy, by means of the reformation of the deed made several years before so as to relate back to the time the deed was executed in 1931 and embrace within the deed the lands since levied upon under a valid judgment against the grantor in the deed, and thus defeat the effect of the judgment and levy, the validity of which is not questioned. In the instant suit, the burden of proof is upon the personal representative of the grantee to allege and show that in equity and good conscience, in view of all the facts and circumstances, he is entitled to the relief he seeks. As a general rule, the burden would be upon the plaintiff in such cases to allege and prove that there was a valuable or meritorious consideration for the deed. Nor, as a general rule will equity reform a contract or conveyance which is merely voluntary and based on no consideration, except with the consent of all parties. And where reformation is the only relief sought, a previous demand for the correction of the instrument is essential. 23 R. C. L. 345-7. Suffice it to say, however, that in this case the cause of action is not the same as in the former suit, and hence the rule laid down in Prall v. Prall, *supra,* applies, and the parties are estopped by the decree in the former suit only as to the points and questions actually lit-

igated and determined in that suit, taking into consideration the question of the identity of the *facts* essential to the maintenance and adjudication of both actions, including the identity *vel non* of the land involved.

For the purposes of the decision of this case, it might be conceded that the former suit settled the question that the deed was not void for fraud as to all the land described in that deed, but the deed in question did not describe or include the 18.71 foot strip on which the bank's execution was levied and which was levied at a time when the title stood on the record free and clear in Lester Beeman. Thus there was no identity in the property involved in the two suits in so far as this strip of land was concerned. Furthermore, the bank by its judgment and by this levy, acquired a valid lien on the property—a vested right which cannot lightly be taken away. This deed from Beeman to his mother may be equitably reformed as between the parties, thereto or their personal representatives, but as against the defendant bank and its liquidator, equity will not lend its hand to deprive them of their vested right. Neither the bank nor its liquidator had anything to do with the making of the deed, nor with any mistake or oversight in the description therein contained, nor is it charged that they had any notice thereof except such notice as the record of the deed disclosed. This record showed that after the deed was made, Lester Beeman was still the owner of this 18.71 foot strip, to which the bank's judgment lien immediately attached, and later execution was levied upon it.

We have long had a statute, Section 5698 C. G. L., which provides that no conveyance, transfer or mortgage of real property, or any interest therein, shall be good and effectual in law or equity against creditors and subsequent purchasers for a valuable consideration and without notice,

unless the same be recorded according to law. If the trial court should reform this deed as against the bank, so as to relate back and destroy the bank's lien acquired shortly after the deed was made to this strip of property which was not embraced in the deed as originally executed, it would defeat the policy of this statute and would accomplish something which the parties themselves could not do. For obviously if Lester Beeman, after the bank had acquired its lien, had made and placed on record a corrected deed to his mother, it would not have been effectual in law or equity against the bank, and recording would have taken place subsequent to the judgment and levy of execution and could not have displaced the lien the bank thus acquired. In 53 C. J. at page 1055-56 it is said:

"Except as to *bona fide* purchasers without notice and those standing in similar relations, upon the reformation of an instrument the general rule is that it relates back to and takes effect from the time of its original execution, especially as between the parties themselves, and as to creditors at large and purchasers with notice, although under some circumstances the equitable rights of the parties or of third persons may qualify or prevent the strict application of this rule, *as in the case of the lien of a judgment creditor which has attached after the execution of the mortgage but before its reformation.*" (Italics ours.)

In Wheeler v. Kirtland, 23 N. J. Eq. 13, it was held that where a mortgage was reformed by substituting the word "heirs" for "successors" so as to make the mortgage convey the fee, such reformation would not affect a subsequent judgment, the record of the mortgage being the only notice which the judgment creditor had at the time of the entry of the judgment, and that notice showed a mortgage which conveyed a life estate only.

In Van Thorniley v. Peters, 26 Ohio St., 471, it was held that a defective mortgage when reformed will not affect the lien of a judgment rendered between the date of the execution and the reformation of the mortgage.

In Wixon v. Wixon, 76 Colo. 392, 232 Pac. 665, it was held that while a mortgage defectively describing the land may be reformed as to the mortgagor, such reformation of the mortgage so as to make it correctly describe the land intended to be mortgaged cannot affect the priority of a judgment lien acquired subsequent to the execution of the mortgage, but prior to the correction; that the lien of a judgment creditor stands upon the precise footing of that of a purchaser in good faith, as against a mortgage with an incorrect description.

To like effect see Davis v. Lutkiewiez, 72 Iowa 254, 23 N. W. 670; Tropt v. Helmar, 275 Ill. 86, 113 N. E. 954, and Wedman v. Carpenter, 65 Colo. 63, 173 Pac. 57.

While there are cases holding to the contrary, we think the cases above cited are more in harmony wtih the trend of our own decisions and the policy of our statute.

The order appealed from is accordingly reversed, and the cause remanded for further proceedings not inconsistent with the foregoing opinion.

Reversed and remanded.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD, and DAVIS, J. J., concur.

DAVIS, J. (concurring).—Appellee invokes the rule that where a point has been actually and directly put in issue and then judicially passed upon, that such point cannot again be drawn in question in any future action between the same parties, or their privies, *whether the causes of action in the two suits be identical or different,* (McGregor v. Prov-

ident Trust Co., 119 Fla. 718, 162 Sou. Rep. 323) and contends that this is a controversy that should be controlled by the above rule because of a former suit between the bank liquidator and the grantor that had resulted in an adjudication against the fraudulent nature of the deed sought to be reformed in this case. But the estoppel by judgment created by the former litigation applied peculiarly to the land therein described rather than the deed, so this is not a case within the rule contended for, namely, estoppel by judgment which is a corrollary to the rule of *res adjudicata.*