HARRIS, Judge.
The issue in this ease is whether the record supports the trial court’s denial of Sun-Bank’s action to reform its note. We find adequate record support and affirm.
In order to refinance a balloon payment due under a previous loan agreement with SunBank, the Tuttles agreed to pay $107,-279.35 at 13.5% interest over a four year period. SunBank, however, in preparing the appropriate instruments to reflect this agreement erroneously made the monthly payments to be $2,285 per month instead of $2,885 per month. The final (balloon) payment provided in the note was $4,131.68. The Tuttles, unaware of the bank’s error, made all of the payments as they became due. Shortly before the final payment was due, however, the bank discovered its error and demanded a final payment of $41,108 in order to meet the obligation “intended” by the parties. When the Tuttles objected, the bank filed this action to reform the note.
Reformation is an equitable remedy whose purpose is to correct a defective or erroneous instrument so that it reflects the true terms of the agreement which the parties actually reached. Chanmi Investments, Inc. v. Clement, 566 So.2d 838 (Fla. 5th DCA 1990). There is no doubt that the parties contemplated a loan of $107,279 at 13.5% interest over a four year period, with a balloon payment of $4,131.68 It appears that it was originally expected that the monthly payments would be $2,885. The bank incorrectly entered the wrong amount in the note. The figure for the monthly payment contained in the note, although caused by the bank’s error, resulted in a “mutual mistake” of the parties as to what the monthly payment should be. The note, therefore, was subject to reformation.
But since reformation is an equitable remedy, it is necessary to balance the equities of the parties resulting from the error. *1190 Pittman v. Fleming, 253 So.2d 497 (Fla. 1st DCA 1971), cert. den. 259 So.2d 719, requires that the party seeking reformation must have an equity superior to that of him against whom reformation is sought. And in Smith v. Pattishall, 127 Fla. 474, 483,176 So. 568, 576,(1937), the court stated:
He who asks for the remedy [reformation of an instrument] must make an equitable showing. If his case is weak on its equities, reformation will be denied. If his equity is met by an equity of equal dignity, the parties will be left to exercise their strict legal rights. If his equity is not met by opposing equities, the court will have less hesitation in granting the relief asked.
In our case, the court found that the Tuttles presented equities at least equal to that of the bank and denied reformation. Mr. Tuttle testified that after he had made arrangements to pay the balloon payment called for by the note ($4,131), he retired. His present income from social security and otherwise is about $1,000 per month and he cannot afford to pay any additional obligation to the bank and meet his current living expenses. The court found that the Tuttles are in this predicament because of the bank’s error and that it would be unjust to reform the instrument at this time. We believe the record supports the trial court.
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., concurs and concurs specially, with opinion.