GEORGE SICKMON

*v.*

JOSHUA WOOD.

1. MISTAKE—*correction as against a bona fide purchaser.* In cases of mistake in written instruments, as against *bona fide* purchasers for a valuable consideration, without notice of the mistake, courts of equity will grant no relief. Therefore, a bill seeking to foreclose a mortgage in which a mistake occurs in the description of the land, which is sought to be corrected as against a purchaser for a valuable consideration, which fails to allege that the subsequent purchaser purchased with notice of the mistake, is defective.

2. DESCRIPTION OF LAND—*whether the meridian or the county controls.* Where a mortgage described the land as "a certain tract of land situate, lying and being in the county of Warren, and State of Illinois, known, designated and described as follows, to-wit: the south-west quarter of section 12, in township 8 north, range 2 west of the *third* principal meridian:" *Held,* that the description by the meridian would prevail over that by the county.

3. FORECLOSURE—*mortgagor should be brought into court before decree.* On bill to foreclose a mortgage as against the mortgagee and a subsequent purchaser, and to correct an alleged mistake in the description of the land, there was no service had upon the mortgagor, and a decree was taken as against the purchaser: *Held,* that in such a case the mortgagor should have been brought into court before the decree was entered.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill to foreclose a mortgage, filed by Joshua Wood against Harlan P. Garish and George Sickmon. The facts of the case are stated in the opinion of the court.

Mr. JOHN J. GLENN, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for the foreclosure of a mortgage executed by Harlan P. Garish. Garish and appellant, Sickmon, were made parties defendant, but Sickmon, only, was served with process. He filed a demurrer to the bill, which was overruled. Standing by his demurrer, a decree of foreclosure was entered against him, from which he appealed.

The bill made the mortgage an exhibit. The description of the premises in the mortgage is as follows: "A certain tract of land situate, lying and being in the county of War- ren, and State of Illinois, known, designated and described as follows, to-wit: The south-west quarter of section twelve (12), in township eight (8) north, range two (2) west of the *third* principal meridian."

The averment in the bill as to the premises mortgaged, is, that Harlan P. Garish, "being seized in fee simple of the south-west quarter of section twelve (12), in township eight (8) north, range two (2) west of the *fourth* principal meridian, (described in the mortgage deed hereinafter referred to, but incorrectly and by mistake, as the *third* principal meridian,) situated, lying and being in the county of Warren, and State

of Illinois," mortgaged the aforesaid premises. This is the only averment in respect to the mistake.

The only allegation in the bill in reference to the defendant, Sickmon, is, that, "since the execution and delivery of the said note and mortgage, one George Sickmon, of Warren county, State of Illinois, has purchased the equity of redemption of the said mortgaged premises."

We regard the bill as defective, in not alleging that Sickmon purchased with notice of the alleged mistake.

In cases of mistake in written instruments, as against *bona fide* purchasers for a valuable consideration, without notice, courts of equity will grant no relief. 1 Story Eq. Jur. sec. 165.

The court could not disregard the description by the meridian and reject it as surplusage, because there is a quarter section of land in Montgomery county, in this State, answering to the description in the mortgage, to-wit: the south-west quarter of section 12, in township 8 north of range 2 west of the *third* principal meridian, but none in Warren county; and it was decided, in *Job et al.* v. *Tebbetts,* 4 Gilm. 143, that, if, in such case, one of the inconsistent descriptions is to be rejected, the description by the meridian should be retained in preference to that by the county.

The decree directed the quarter section in the range west of the *fourth* principal meridian to be sold.

We think, too, in such a case, the mortgagor, Garish, should have been brought into court before the decree was entered.

The decree will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*