FARMERS NATIONAL BANK v. JOHN G. JAMES ET AL.

Delivered May 7, 1896.

1.  **Bona Fide Purchaser—Mortgage of Real Estate—Consideration—Antecedent Debt.**
    Land was conveyed to C. by a deed absolute in form, but which was in fact intended as only a mortgage to secure C. as surety on a note, and C. afterwards mortgaged the land to defendant to secure an antecedent debt of his own, the defendant extending the time for payment and having no notice that the conveyance to C. was a mortgage.·  Held, that defendant was a bona fide lienholder for value.

2.  **Same—Notice—Putting on Inquiry.**
    That defendant's cashier had been informed that C. was a surety on a note executed by the grantor in the deed to him, did not affect defendant with notice of the character of such deed as being in reality only a mortgage.

APPEAL from Wichita.    Tried below before Hon. GEORGE E. MILLER.

*James & Sherrod,* for appellant.—1. A mortgagee taking a mortgage as a security for a pre-existing debt is not a bona fide purchaser for a valuable consideration protected against prior equities of which he has no notice; and to entitle a mortgagee of property to the protection of a court of equity, as against the legal title, or a prior equity, he must not only be a purchaser for value without notice, but also for a consideration actually paid. He must have actually parted with some thing of value, or some right upon the faith of his purchase.

Where property is taken as a security for or in payment of a precedent debt, the purchaser cannot claim to be one for a valuable consideration such as to claim the protection of a court of equity. Spurlock v. Sullivan, 36 Texas, 511; Simmons Hardware Co. v. Kaufman, 77 Texas, 131; Steffian v. Bank, 69 Texas, 513; Boyd v. Bell, 29 Ala., 703; Manhattan Co. v. Evertson, 6 Page, 457; Agricultural Bank v. Dorsey, 1 Freeman's Ch., 338.

2. Where a party has notice of such facts as would lead to a discovery of the truth upon a proper inquiry, he must make such inquiry as a prudent man under like circumstances would make. Wade on Notice, secs. 17–23; Bacon v. O'Conner, 25 Texas, 225; Thomas v. Rembert, 63 Ala., 561.

*R. E. Huff,* for appellees.

TARLTON, ASSOCIATE JUSTICE.—In this case we find the following conclusions of fact, solving all questions of conflict in the evidence in support of the judgment below:

1. John G. James was indebted to the appellant in the principal sum of $3000.

2. On July 20, 1893, he executed and recorded a conveyance, for the purported consideration of $1, to the appellant, covering the property in controversy, certain real estate situated in the town of Wichita Falls. This conveyance was in form an absolute deed—in reality to secure the debt of James to the appellant.

3. James was the president of the appellant bank, which, on account of the pressure then existing, had suspended business. To enable it to resume it was deemed expedient by the directors to change the form of its securities. Accordingly it was agreed that James should execute his obligation with personal security, and to this end he made his note for the principal sum of $3000, signed by himself and D. J. Calkins, whose name constituted the personal security required by the bank.

4. In order to secure Calkins, the bank conveyed to him on August 9, 1893, the property in controversy, by an instrument filed for record on August 18, 1893, in form an absolute deed for the recited consideration of $1—in reality a mortgage for the purpose above indicated.

5. The Wichita Roller Mill Co., of which D. J. Calkins was president, was indebted to the appellee The Panhandle National Bank in the principal sum of $5000, and Calkins himself was thus indebted in the

principal sum of $2000. In consideration of the extension of time in the payment of this indebtedness, Calkins on October 17, 1893, executed a deed in trust to the appellee bank upon the property in controversy, securing the $5000 indebtedness then represented in a note, and on December 15, 1893, executed a second deed in trust securing the $2000 indebtedness then represented in a note. These instruments were respectively filed for record December 16 and 15, 1893. The mortgages were subsequently foreclosed by advertisement and sale as prescribed in them, and the appellee bank became the purchaser. When the appellee took its mortgages it had no knowledge that the instruments executed by James to the appellant bank, and by the latter to Calkins, were other than absolute deeds, as they appeared to be.

*Conclusions of Law.*—1. Upon the foregoing facts, the equities of the Panhandle Bank were superior to those of the appellant. The appellee bank was accordingly held to be a bona fide lien holder for value. Its mortgages executed not merely for the purpose of securing an antecedent indebtedness, but in the further consideration of an extension of time in the payment of the obligations, were supported by a valuable consideration. Steffian v. Bank, 69 Texas, 517.

2. We are not prepared to hold that the court erred in failing to find the Panhandle Bank to be affected with notice of the character of the instruments executed by James to the appellant and by the latter to Calkins, by reason of the fact that the cashier of the appellee had been informed that Calkins was a surety on James' paper.

The judgment is affirmed.                                   *Affirmed.*