JOSEPH P. GRUBBS

*v.*

ANNE G. BOON.

*Opinion filed February 18, 1903.*

1. EJECTMENT—*estoppel in pais cannot be invoked in ejectment.* An estoppel *in pais* affecting a permanent interest in land can only be availed of in equity, and cannot be invoked in ejectment to prevent the assertion of the legal title.

2. SAME—*when rule as to locating boundary by parol does not apply.* The rule as to establishing a disputed or unascertained boundary between lands of adjoining owners by parol agreement and possession in accordance therewith does not apply to a parol promise by a grantor to his grantee to re-plat his tract and change the boundaries of the lots, where the question arises between such grantee and a party subsequently purchasing an adjoining lot according to the unchanged plat.

3. SAME—*when parol agreement cannot be set up in ejectment.* One purchasing a lot under a parol agreement by the grantor to re-plat his ground, changing the boundaries of all the lots, cannot set up such agreement in defense to an action of ejectment by a subsequent innocent purchaser of an adjoining lot according to the original plat, which the grantor had not changed, but should resort to equity for relief, and, if necessary, enjoin the ejectment suit until the equity suit is determined.

. APPEAL from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

F. M. GREEN & SON, for appellant:

In order to acquire title to real estate not acquired by deed of conveyance, devise or descent, but by adverse possession, such possession must extend over a period of twenty years. *Turney* v. *Chamberlain*, 15 Ill. 272; *Morse* v. *Seibold*, 147 id. 318; *McNamara* v. *Seaton*, 82 id. 501; *Railroad Co.* v. *Keegan*, 185 id. 70; *McCloskey* v. *Hayden*, 169 id. 297.

An estoppel *in pais* affecting a permanent interest in land can be availed of only in a court of equity, and can not be invoked in an action of ejectment, to prevent the assertion of legal title. In ejectment, legal titles alone can be considered. *Linnertz* v. *Dorway*, 175 Ill. 509; *Winslow* v. *Cooper*, 104 id. 239; *Stock Yards* v. *Wiggins Ferry Co.* 102 id. 514.

In this case the indispensable elements of an estoppel *in pais* are wanting. Appellant's knowledge of the wrong location of the fence was absolutely necessary before he could be estopped from claiming title to the strip in controversy, even in a court of equity. *Winslow* v. *Cooper*, 104 Ill. 239; *Henderson* v. *Dennis*, 177 id. 547; *Wright* v. *Stice*, 173 id. 179.

In any case, to create an estoppel against the owner from claiming land held adversely by another, there must be an uncertain or indefinite and disputed boundary, and an agreement to settle it. *Henderson* v. *Dennis*, 177 Ill. 547.

ROY WRIGHT, for appellee:

Owners of adjoining tracts may by parol settle and permanently establish a boundary line between their lands, which, when followed by possession according to the line so agreed upon, is binding and conclusive on them and their grantees. *Cutler* v. *Callison*, 72 Ill. 113.

When parties agree upon a boundary line and enter into possession according to that line they are thereby

concluded from afterwards disputing that it is the true line, even when the Statute of Limitations has not run. *Bloomington* v. *Cemetery Ass.* 126 Ill. 221; *Henderson* v. *Dennis,* 177 id. 547.

A purchaser cannot claim as a purchaser without notice where opportunity for knowledge was before him. He cannot, in purchasing, shut his eyes to what may be easily seen. *Railway Co.* v. *Swannell,* 54 Ill. App. 260.

Possession of land is notice of the interest or title of the person in possession. *Phillips* v. *Pitts,* 78 Ill. 72; *Druley* v. *Adam,* 102 id. 177.

Whatever is sufficient to put a prudent person on inquiry where inquiry is a duty, as in the case of purchasers, is in law equivalent to notice, if in the exercise of reasonable diligence it would lead to notice. *Boyle* v. *Teas,* 4 Scam. 202; *Stokes* v. *Riley,* 121 Ill. 166.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in ejectment, brought by the appellant to recover the east twenty feet of the south half of lot 21, in Campbell & Kelly's addition to Urbana, Illinois. On a hearing before the court, without a jury, a judgment was rendered in favor of the appellee, from which this appeal has been prosecuted.

It was admitted upon the trial that the contending parties claimed title from a common source, viz., the title formerly held by one Robert W. Graham. The appellant produced in evidence a deed from said Graham, dated March 2, 1899, conveying to him the entire south half of said lot No. 21. Prior thereto the said Graham had conveyed the south half of lots numbered 19 and 20, in the said addition, to one Lucetta Tillotson for life, remainder in fee to her husband, Walter B. Tillotson. Mrs. Tillotson and her husband afterwards conveyed said south half of lots 19 and 20 to one John Boon, the deceased husband of the appellee. Appellee and her husband lived upon said south half of lots 19 and 20 as their homestead dur-

ing the lifetime of the husband, and after his death the appellee continued to reside thereon, and said lots constituted her homestead at the time of the institution of this action.

In order to understand more clearly the defense sought to be made by the appellee, the following plat will be advantageous:

The premises in controversy are designated by a cross (X).

The defense which the appellee sought to interpose, and which she was permitted, over the objection of the appellant, to establish, was, that prior to the conveyance of the said south half of lots 19 and 20 by the said Graham to the said Lucetta Tillotson and Walter B. Tillotson, the said Graham was the owner of all of the lots shown on the plat; that the public way lying east of lot 19, as platted by the said Campbell & Kelly, was of the

width of but twenty feet, and that each of the lots, as platted by the same proprietors of the addition, was of the width of sixty-five feet and six and one-half inches, as shown on the plat; that said Tillotson and wife were unwilling to buy the said south half of lots 19 and 20 unless the way or alley east of lot 19 was made of the width of fifty feet, and that it was finally verbally agreed upon between the said Graham and the said Tillotsons that the said addition of thirty feet to the said street or alley should be made by adding thereto thirty feet off the east side of said lot 19, and that the said thirty feet so taken off of said lot 19 should be apportioned among the six lots in the block, and that said Graham should re-plat said block in accordance with the agreement, so that each lot in the block, as re-platted, should be of the width of sixty feet and six and one-half inches, and should bear the same numbers as in the plat of the addition made by Campbell & Kelly; that under this agreement the east line of said lot 19 would be thirty feet west of where it appears upon the plat made by Campbell & Kelly, and the west line of said lot 20 would be twenty feet west of where it was established by the said plat of the addition; that in pursuance of said verbal agreement said Tillotson and wife bought from said Graham the territory which would constitute the south half of said lots 19 and 20 if re-platted by said Graham in compliance with his verbal agreement, and entered into possession of the same and enclosed it with a fence, placing the west line of said fence on the west line of the strip in controversy, the same being the western boundary line of the ground actually bought by the Tillotsons from Graham. Graham, however, conveyed to the Tillotsons the south half of lots 19 and 20 in Campbell & Kelly's addition to the city of Urbana by a deed dated February 14, 1898, and did not re-plat the lots, but in March, 1899, sold and conveyed to the appellant the south half of lot 21 as platted by Campbell & Kelly, and afterwards sold

to other parties other lots shown on the plat, describing them by their numbers as shown upon the Campbell & Kelly plat.

Counsel for appellee seeks to justify the admission of the verbal testimony by the application thereto of the principle that owners of adjoining tracts may, by parol, settle and permanently establish a boundary line between their premises, which, if followed by possession according to such agreed line, may become conclusive upon such parties and their grantees with notice, as the true boundary line. This contention cannot be sustained. Adjoining proprietors, if the boundary line of their premises be in dispute or be unknown, may conclude themselves as to the true location of the line by an agreement establishing a line as the true line, and by holding possession and occupying their premises thereafter in accordance with such agreement. (*Henderson* v. *Dennis*, 177 Ill. 547; *Duggan* v. *Uppendahl*, 197 id. 179.) But this principle proceeds upon the ground that the extent of the ownership of such proprietors, only, may be so agreed upon and settled,—not that title to land can be made to pass by parol agreements. It appears from the verbal testimony here under consideration that the true boundary lines were not in dispute or unascertained, but that there was a verbal agreement to convey other premises than those described in the deed of conveyance. The rule as to the establishment of a disputed or unascertained line between the lands of adjoining owners by verbal agreement, and possession in accordance with such agreement, has no application to the state of facts as disclosed by the testimony under consideration.

Nor do we think the testimony was competent upon any other ground. The parties conceded that the said Graham was seized of the title to the whole of said lot No. 21, in the said addition. The deed by Graham for the south half thereof to appellant conveyed to appellant the legal title to the territory included in the said south

half of said lot 21, including the twenty feet in contro-
versy. Without assuming to decide whether the verbal
testimony in question was sufficient to establish a right
in the appellee to the title to the premises enforcible in
a court of equity, or whether it is sufficient to constitute
an estoppel *in pais*, it is clear it could not avail in an
action of ejectment to defeat the legal title. An estop-
pel *in pais* affecting a permanent interest in land can
be availed of only in a court of equity, and cannot be in-
voked, in an action of ejectment, to prevent the asser-
tion of legal title. In ejectment, legal titles alone can
be considered. (*Linnertz* v. *Dorway*, 175 Ill. 508; *Winslow*
v. *Cooper*, 104 id. 235; *St. Louis Nat. Stock Yards* v. *Wiggins
Ferry Co.* 102 id. 514; *Hayden* v. *McCloskey*, 161 id. 351.) In
*Hayden* v. *McCloskey, supra,* we said (p. 356): "In an action
of ejectment legal titles alone are considered, and they
can only be transferred by descent, devise or conveyance.
The legal title to the premises in controversy could not
be transferred to the defendant by an estoppel *in pais*,
which cannot be made available in an action at law."

If the facts to which such verbal testimony related
were sufficient to warrant a court of equity in decreeing
a specific performance on the part of the said Graham
of the undertakings and agreements on his part, resort
should have been had to a court of equity for a decree
granting relief of that nature, and, if necessary, for an
injunction restraining the further prosecution of the ac-
tion in ejectment until the suit in equity could be heard
and determined. (*Duggan* v. *Uppendahl, supra;* 10 Am. &
Eng. Ency. of Law,—2d ed.—533; Sedgwick & Wait on
Trial of Titles to Land,—3d ed.—sec. 184 *a.*) This is the
rule in all jurisdictions where the distinction between
law and equity is preserved, as it is in Illinois.

The judgment must be and is reversed, and the cause
will be remanded for further proceedings not inconsistent
with the views here expressed.

                              *Reversed and remanded.*