ANNE G. BOONE *et al.*

*v.*

ROBERT W. GRAHAM *et al.*

*Opinion filed February 21, 1905—Rehearing denied June 22, 1905.*

1. SPECIFIC PERFORMANCE—*when agreement to re-plat lots can not be specifically enforced.* An agreement by a grantor to re-plat certain lots cannot be specifically enforced as against him after he has parted with title to all the lots; nor can it be enforced against a subsequent *bona fide* purchaser of part of the lots according to the recorded plat and having no notice of the agreement.

2. MISTAKE—*when bill cannot be filed to reform alleged mistake.* Proof that in conveying a lot according to the recorded plat the grantor violated his agreement with the prior purchasers of other lots to re-plat the block, does not sustain a bill by such other purchasers to correct the deed upon the ground of mistake, where the grantee had no knowledge of the existence of the agreement.

3. ESTOPPEL—*knowledge of facts is essential to estoppel.* Acquiescence by a purchaser of a lot in a representation by an adjoining lot owner that the fence is on the boundary line between the lots does not estop him from asserting his rights after he learns the true facts.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

RAY, DOBBINS & RILEY, (J. W. DOAK, of counsel,) for plaintiffs in error.

F. M. GREENE & SON, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The record of an ejectment suit for the possession of the same premises in controversy in this suit was before us in the case of *Grubbs* v. *Boone*, 201 Ill. 98, where a plat of the premises and a statement of the nature of the controversy will be found. The bill in this case was filed by plaintiffs in error to enjoin the prosecution of that ejectment suit by the defendant in error Grubbs, with a prayer for reformation of the deed of the defendant in error Graham to Tillotson, and that the court would quiet the title of plaintiffs in error to said premises and would decree that the same should be free from any title or claim of either Graham or Grubbs. The bill having been answered, the issues were referred to the master in chancery, who took the evidence and returned the same with his findings of fact, followed by his conclusion of law that the bill should be dismissed for want of equity. The court overruled exceptions to the master's report and dismissed the bill.

The evidence introduced to prove that complainants are the equitable owners of the strip of ground was not materially different from that which was admitted by the court in the ejectment suit. In October, 1896, the defendant Graham was the owner of six lots constituting a block of Campbell & Kelley's addition to Urbana. Each lot was 65 feet 6½ inches in width and 238 feet in length. At that time he entered into a contract for the sale of the south half of lots 19 and 20 to Walter B. and Lucetta Tillotson, and agreed that he would re-plat the block into the same number of lots and throw off 30 feet on the east side for a street. That would take 30 feet from the east side of lot 19, and each lot was to contribute equally for the street by taking five feet off from each lot, and as re-platted each lot would be 60 feet 6½ inches wide. · Tillotson took possession of the south half of lots 19 and 20

as they would be when re-platted, extending over 20 feet upon lot 21 according to the existing plat. He erected a fence along the west side of lot 20 as it was to be changed, taking in the 20 feet of lot 21, and planted some trees on that 20 feet. Graham never re-platted the block, but on February 14, 1898, fourteen months after making the contract, he made a deed to Lucetta Tillotson for life, with remainder to Walter B. Tillotson, of the south half of lots 19 and 20, describing them according to the original recorded plat. At the same time he furnished Tillotson an abstract, on the first page of which was a plat of the block as originally made. On March 21, 1899, Graham conveyed to the defendant Grubbs the south half of lot 21 according to the original recorded plat, in consideration of $450, and Grubbs had no notice of the agreement to re-plat the block or change the boundary lines. He purchased in good faith lot 21 according to the original plat, and was furnished an abstract, with a plat showing the lots and the addition as originally laid out. There was evidence that the contract between Graham and Tillotson was in writing, but it was never recorded. After the defendant Grubbs received his deed he was informed by Graham that the east line of lot 21 was the line of the fence built by Tillotson, and believing the statement to be true, he measured off the ground for his lot from that line. He was told that the fence was on the true line between the lots as platted. After Grubbs' purchase Graham caused a plat to be prepared according to the original agreement, but it was not recorded. Tillotson erected a house on the eastern portion of the two lots and Grubbs built on his lot, but there was nothing on the disputed ground except a wire fence, three small peach trees, a crab apple tree and a small hen house, eight feet wide, ten feet long and six feet high. Graham sold the south half of the other lots to other parties according to the recorded plat.

Complainants proved the agreement alleged by them, but the situation is such that the relief prayed for cannot be granted. In the ejectment suit we decided that what was

215—33

done with respect to the line where Tillotson's fence was located could not be regarded as an agreement as to the boundary line between the two lots. It was represented to Grubbs that the fence was on the true line between the lots as they were platted, and there was no settlement of a disputed or unascertained line.

Considered as a bill for specific performance, the relief prayed for cannot be granted,—first, because the agreement cannot be performed by Graham. He has no title and is incapable of performing it. Second, it cannot be enforced against the defendant Grubbs, who acquired the title to lot 21, for the reason that he was neither a party to the contract nor had any notice of it, but was a *bona fide* purchaser for value without notice. 3 Pomeroy's Eq. Jur. sec. 1405.

Counsel say that the bill was filed to correct a mistake. But relief cannot be given on that ground, for the reason that there was no mistake on the part of Graham, and if there had been a mistake, equity could not correct it as against Grubbs, who was a subsequent *bona fide* purchaser without notice. (2 Pomeroy's Eq. Jur. sec. 776; *Sickmon* v. *Wood,* 69 Ill. 329.) Graham knew that he had not re-platted the block or changed the dimensions of the lots, and could not have been mistaken on that subject.

No relief can be given on the ground of equitable estoppel for the reason that what was done by Grubbs was in ignorance of his rights, and having no knowledge of the truth, what he did could not operate as an estoppel. He had no notice of the contract and was not aware of the fact that the fence was not on the true line. A party, although he recognizes the title in another, may afterwards set up title in himself if he shows that his recognition was based on a misapprehension. *Winslow* v. *Cooper,* 104 Ill. 235; *Quick* v. *Nitschelm,* 139 id. 251; *Wright* v. *Stice,* 173 id. 571.

The decree is affirmed.                    *Decree affirmed.*