therefore fail of this relief in a court of equity. Warnock v. Harlow, supra.

We find no reversible error in the record. The judgment and order of the trial court are affirmed.

---

## FARMERS' & MERCHANTS' BANK v. CITIZENS' NA'L. BANK OF SISSETON et al.

Civ. Code, § 986, makes a conveyance of real property void as against a subsequent purchaser or incumbrancer, in good faith, for a valuable consideration, whose conveyance is first recorded. Section 987 defines a "conveyance" as any instrument by which an estate in real property is created, etc. Held, that a mortgage, though given to secure an antecedent debt, is supported by a sufficient consideration to constitute mortgagee an incumbrancer for value within the protection of the recording act (sections 986, 987), where a definite extension of the time of payment is granted.

A mortgage cannot be reformed and given priority over another mortgage taken in good faith, for value, and without notice, irrespective of the recording act; the power to reform a contract being subject to the limitation that such relief cannot be granted against a bona fide purchaser or incumbrancer.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Action by the Farmers' & Merchants' Bank against the Citizens' National Bank of Sisseton and others. From the judgment, the defendants appeal. Reversed.

*Frank McNulty,* for appellants. *Sears & Potter,* for respondent.

SMITH, J. On November 25, 1903, John Gruba and his wife executed a mortgage to the plaintiff bank on a quarter section of land in Day county, to secure their two promissory notes amounting to $1,780. By a mutual mistake in drawing up the mortgage, it described the land as in township 123, while in fact the land owned by Gruba was in township 124, six miles distant from that described in the mortgage. This mortgage was duly recorded on September 26, 1904. Thereafter, on May 26, 1904, Gruba and his wife, to correct said mistake, executed a new mortgage identical with the first, except that the land was properly

described. On December 24, 1903, John Gruba was indebted to the defendant bank in the sum of $600, for which he had given his note secured by chattel mortgage. On said date, defendant bank advanced to Gruba an additional sum of $300, and took a note for $900, evidencing the whole indebtedness of Gruba in consideration thereof, extended the time of payment of the $600 note and chattel mortgage given by Gruba, and, in default of payment thereof as extended, foreclosed the chattle mortgage by a sale on November 29, 1905, the net proceeds of which amounted to $183.93. Plaintiff brought this action asking to have its mortgage of November 25, 1903, reformed by correcting the description of the land; that its mortgage be foreclosed as thus reformed and corrected; and that it have priority over the mortgage for $900 given by Gruba to the defendant bank on December 24,, 1903. The trial court made findings covering the foregoing facts, and also found that the defendant bank had neither actual nor constructive notice of the existence of the mortgage theretofore made by John B. Gruba to the plaintiff, "by reason of the fact that although the said mortgage had been recorded, yet the land having been misdescribed therein, the said record was not noticed." The court thereupon granted a judgment and decree reforming and foreclosing plaintiff's mortgage, awarding defendant priority as to the sum of $223, but awarding plaintiff priority over the balance of defendant's claim under its mortgage. This result appears to have been arrived at by crediting the amount realized on the chattle mortgage sale—$183.93—on the amount of $300 cash advanced to Gruba by defendant bank at the time its real estate mortgage was executed. The court ruled that as to the $600 of prior indebtedness of Gruba included in the new note for $900 the defendant bank was not an incumbrancer for value within the terms of the statute relating to records of real estate mortgages. Respondent is not complaining of this ruling, and as to the judgment awarding it priority in the sum of $233, appellant has no cause of complaint.

Defendant appeals, and assigns these rulings and the judgment as erroneous. The first question on this appeal is whether appellant, upon this record, can claim the protection of the record-

ing act contained in sections 986, 987, Civ. Code, which are as follows:

Section 986: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of a mortgage, lease or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

Section 987: "The term 'conveyance,' as used in the last section, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or incumbered, or by which the title to any real property may be effected, except wills, executory contracts for the sale or purchase of real property, and powers of attorney."

It is found by the trial court that defendant had no actual notice of plaintiff's mortgage, and had no knowledge that any instrument had ever been recorded purporting to mortgage any of Gruba's real estate to the plaintiff. We may then assume that defendant was acting in good faith in accepting such mortgage. It is also found by the trial court that the defendant, as a part consideration for said mortgage, entered into a valid and binding agreement extending the time of payment of its $600 note from November 15, 1903, to October 24, 1904. We are inclined to agree with appellant's contention that such an extension was a sufficient consideration to constitute defendant an incumbrancer for value under the recording act. See volume 27 Cyc. 1192, where the rule is thus stated: "Although a mortgage is given to secure an antecedent debt, yet if, at the time and in consideration of the giving of the mortgage, the creditor grants a definite extension of the time of payment, this is such a consideration as will give him the character of a purchaser for value." The decisions on this question are not harmonious, but we believe the weight of authority and the better reason are expressed in the rule above stated.

In O'Brien v. Fleckenstein, 180 N. Y. 350, 73 N. E. 30, sustaining this rule, that court says: "It is safe enough to say that the general trend of the cases and the consensus of opinion

support the rule or principle above stated. I have not been able to find any case where it has been held that such a transaction as appears in this record does not constitute a valuable consideration, and the absence of cases upon the precise point that could be regarded as conclusive is doubtless due to the fact that for many years the rule above stated has been universally accepted and acted upon by the bench and the bar as the law in this state.'' The following authorities are directly in point: De Mey v. Defer, 103 Mich. 241, 61 N. W. 524; Koon v. Tramil, 71 Iowa, 137, 32 N. W. 243; Port v. Embree, 54 Iowa, 14, 6 N. W. 83; Gilchrist v. Gough, 63 Ind. 576, 30 Am. Rep. 250; Bank v. Wallace, 45 Ohio St. 152, 12 N. E. 439; Schumpert v. Dillard, 55 Miss. 348; Bank v. James, 13 Tex. Civ. App. 550, 36 S. W. 288.

In the case of Frey v. Clifford, 44 Cal. 342, that court said: "Unquestionably what is a valuable consideration in the case supposed of commercial paper is a valuable consideration within the meaning of those words as used in the registry act." If this view be correct, this court may be deemed to have settled this question in accordance with the rule here adopted. In Allibone v. Ames, 9 S. D. 74, 68 N. W. 165, 33 L. R. A. 585, this court says: "Moreover, by the surrender of the note, payable on demand, in exchange for one equal in amount, due in thirty days, Peavy & Co. parted with sufficient value and extended the time within which payment might lawfully be demanded. This transaction alone imports a consideration, and is sufficient to constitute Peavy & Co. bona fide holders of the note and mortgage in question." Respondent however contends that appellant has not brought itself within the protection of the recording act, for the reason that its mortgage is not shown to have been recorded.

The plaintiff's complaint alleges the existence of defendant's mortgage, and demands priority over it, but it does not allege that such mortgage was ever recorded. Nor does the answer of defendant allege that its mortgage was recorded; and the findings of the court are silent upon the subject. But the complaint alleges and the court affirmatively finds that plaintiff's mortgage was duly recorded in the proper office on September 26, 1904. Appellant contends that if the question of record is material, and

within the issues in this case, the judgment must be reversed for the reason that the court has failed to find on a material issue. But if the defendant is seeking the protection of the recording act, to secure such protection it can bring itself within the statute only by alleging in its answer and proving that it accepted such mortgage in good faith and for a valuable consideration, and that its mortgage was duly recorded. This is as vital to plaintiff's rights as is the fact that it was an incumbrancer in good faith and for a valuable consideration. The answer fails to allege and therefore presents no issue as to the record of defendant's mortgage. The findings therefore embrace all the issues defendant has raised by its answer. It is contended, however, in appellant's reply brief, that the court erred in allowing a reformation of plaintiff's mortgage as against appellant. We are inclined to the view that the findings of fact and conclusions of law, together with the assignments of error in this court, are sufficient to present this question. The defendant being an incumbrancer in good faith, for value, and without notice either actual or constructive, we are of opinion, without regard to the recording act, that plaintiff's mortgage could not be reformed and given priority over defendant's mortgage. The power of a court of equity to reform a contract is always subject to the limitation that such relief cannot be granted against a bona fide purchaser or incumbrancer for value and without notice. See 2 Pomeroy's Eq. Juris. 775, 776; Adams v. Drews, 110 La. 456, 34 South. 602; Pence v. Armstrong, 95 Ind. 192; Sickmon v. Wood, 69 Ill. 329; Memphis v. Arnett, 169 Mo. 201, 69 S. W. 365; Casler v. Sitts, 6 Hun (N. Y.) 659; Austin v. Brown, 75 Neb. 345, 106 N. W. 30; Boone v. Graham, 215 Ill. 511, 74 N. E. 559; Sentell v. Randolph, 52 La. Ann. 52, 26 South. 797; Mears v. Lockhart, 115 Fed. 865, 53 C. C. A. 191; Peters v. Fell, 15 S. D. 391, 89 N. W. 1014.

The trial court therefore erred in awarding a reformation of plaintiff's mortgage as against appellant.

The judgment of the lower court is reversed.

McCOY, J., took no part in this decision.