## FRAZIER v. TANKERSLEY.
(No. 803—4464.)

(Commission of Appeals of Texas, Section A. June 23, 1926.)

**1. Vendor and purchaser ⬳266(3)—Party who executes trust deed on land after he had conveyed it and while he owned vendor's lien notes is estopped from asserting lien against holder under trust deed (Rev. St. 1925, art. 1297 [Rev. St. 1911, art. 1112]).**

Where party, after conveying land by unrecorded deed, which retained vendor's lien, and while owning lien notes, executes trust deed on same land, he is estopped from asserting vendor's lien, under Rev. St. 1925, art. 1297 (Rev. St. 1911, art. 1112), against any one holding lien or title under trust deed, or purchaser at sale foreclosing trust deed.

**2. Vendor and purchaser ⊚⇒265(4)—One taking assignment of vendor's lien notes under unrecorded conveyance after vendor executed subsequent recorded deed of trust was estopped to assert lien against holder under latter deed.**

Where vendor's lien notes and lien under unrecorded conveyance were assigned by vendor after he had executed subsequent recorded deed of trust on same land, assignee was estopped to assert lien against holder of lien or title under latter deed, because recorded deed was notice of vendor's estoppel, and he was vendor's privy in estate.

**3. Vendor and purchaser ⊚⇒261(4).**

Transferee, after maturity of vendor's lien notes, had no better right to enforce lien than payee or transferor had.

**4. Judgment ⊚⇒682(1)—Rights of owner under recorded deed, not made party to suit to foreclose lien against land, are not affected by judgment therein.**

Where person held land under deed duly recorded prior to institution of suit by holder of vendor's lien notes against such person's grantor and others to foreclose lien, and he was not made party, his rights were not affected by judgment rendered therein.

**5. Judgment ⊚⇒585(2).**

Opinion of Court of Civil Appeals in earlier litigation is not controlling in Commission of Appeals, where facts shown by record in each case materially differ.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by Fayette Tankersley against A. M. Frazier. Judgment for plaintiff was affirmed by the Court of Civil Appeals (272 S. W. 212), and defendant brings error. Affirmed.

J. A. Thomas, of San Angelo, and Frazier & Averitte and Wear, Wood & Wear, all of Hillsboro, for plaintiff in error.

Collins & Jackson, of San Angelo, for defendant in error.

BISHOP, J. C. P. Llewellyn sold and conveyed 640 acres of land in Irion county, Tex., to H. M. Taylor by general warranty deed of date June 1, 1909, and in part consideration for same Taylor executed two promissory notes of even date with said deed, payable to Llewellyn or order on or before June 1, 1911 and 1912, respectively, each in the sum of $1,501.86. In said deed and notes the vendor's lien was expressly retained to secure the payment of said notes. For a valuable consideration Llewellyn, on February 10, 1911, sold and transferred to Lamm & Co., a corporation, by indorsement, the note due June 1, 1912, and on June 1, 1912, by indorsement, he sold and transferred to it the note due June 1, 1911. He thereafter, on June 11, 1913, further conveyed the lien to it by written assignment, which was never placed of record in Irion county. Lamm & Co., after the matu-

rity of said notes, by indorsement for valuable consideration, sold and transferred them to plaintiff in error, Frazier. The deed from Llewellyn to Taylor was recorded in Irion county August 10, 1909.

On July 26, 1909, Llewellyn executed a deed of trust conveying this land to Frank Meeks, trustee, to secure payment of a note of that date, executed by him, payable to S. A. Meeks, for $1,000, and due January 1, 1910. S. A. Meeks transferred this note to L. T. Akers, who on February 8, 1911, filed suit on same against Llewellyn and Meeks and secured judgment for the amount due on the note foreclosing the deed of trust lien. The land was purchased by Akers at foreclosure sale May 7, 1912. This deed of trust was filed for record in Irion county December 1, 1909, and there recorded. Akers filed suit against Taylor, and on September 4, 1912, secured judgment against him for this land. This judgment also purported to cancel the deed executed by Llewellyn to Taylor. On October 3, 1912, Akers and wife conveyed the land to defendant in error, Tankersley.

Thereafter, on April 9, 1913, plaintiff in error, Frazier, who then held the Taylor notes, filed suit in the district court of Hill county against Taylor, Llewellyn, Akers, and others to recover judgment on said notes and to foreclose the vendor's lien on the land. He recovered judgment against Taylor for $2,700, foreclosing the lien against all defendants. Akers appealed to the Court of Civil Appeals, and this judgment was affirmed (Ackers v. Frazier, 220 S. W. 426), and writ of error refused January 19, 1921. Order of sale was issued out of the district court of Hill county on this judgment, directing sale of the land as under execution.

Defendant in error, Tankersley, filed this suit in the district court of Irion county against Frazier for the land and to remove cloud cast upon his title by the foreclosure judgment, and also to enjoin the sale of the land under said order of sale, alleging that when he purchased the land from Akers it appeared from the record title thereto that all outstanding liens had been either released or canceled except for a part of the purchase money due the state of Texas.

Frazier answered by general denial and plea of not guilty, and alleged that Tankersley held title under Akers, against whom he had secured judgment of foreclosure, and for this reason was not entitled to litigate further. He also sought foreclosure against Tankersley.

On trial judgment was rendered in favor of Tankersley as prayed for, and this judgment was by the Court of Civil Appeals affirmed. 272 S. W. 212.

Although Llewellyn had previously conveyed the land to Taylor, he, on July 26, 1909, by deed of trust, conveyed same to Frank Meeks to secure the payment of a note for

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

$1,000 executed by him to S. A. Meeks. This instrument was filed for record on December 1, 1909.

Article 1297, R. C. S. 1925 (article 1112, R. S. 1911), provides:

"From the use of the word 'grant' or 'convey,' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs or assigns, are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance the grantor has not conveyed the same estate, or any right, title or interest therein, to any person other than the grantee.

"2. That such estate is at the time of the execution of such conveyance free from incumbrances."

[1-3] When Llewellyn executed the deed of trust, he owned the vendor's lien notes executed by Taylor. He was by the provisions of this article estopped from asserting the vendor's lien against Frank Meeks, to whom he executed the deed of trust, S. A. Meeks, the holder of the lien thereunder, or any one holding either the lien or title under the trust deed. When Lamm & Co. acquired the notes from Llewellyn, the deed of trust was on record in Irion county, and it was by this recorded instrument given notice of this estoppel. Being Llewellyn's privy in estate, it was also estopped to assert the vendor's lien against one holding lien or title under the trust deed. This estoppel in effect was a release of the vendor's lien against Tankersley's claim of title. Frazier acquired the notes after maturity, and therefore could have no better right to enforce the lien against Tankersley than Llewellyn or Lamm & Co. Frazier is as effectually estopped as were they. At the time Tankersley purchased the lien from Akers the evidence shows that the vendor's lien here asserted against his title had been released by the execution of the deed of trust, under the foreclosure of which he holds title. See Hale v. Hollon, 14 Tex. Civ. App. 96, 35 S. W. 843, 36 S. W. 288, and cases there cited.

[4, 5] Frazier contends that the judgment foreclosing his vendor's lien notes against Akers and others is binding on Tankersley, and also that the holding of the Court of Civil Appeals in the opinion affirming that judgment is controlling here. Tankersley purchased the land from Akers, and was holding same under deed duly recorded prior to the institution of the foreclosure suit by Frazier against Akers and others. He was not a party to that suit, and for this reason his rights were not affected by the judgment rendered therein. The facts shown by the record in that case on appeal are materially different from those shown in the record here.

There the "deed of trust was not shown to have been recorded, except through a recital in a judgment foreclosing the deed of trust lien, which" did "not give the date of the record." Here it was shown that the deed of trust was filed for record in Irion county on December 1, 1909, and that the vendor's lien notes were thereafter transferred to Lamm & Co. by Llewellyn. In that case it was not shown that Lamm & Co. had notice that Llewellyn was estopped from foreclosing his vendor's lien against one holding under his deed of trust at the time he transferred the notes.

We have not reached an agreement as to the correctness of the holding made by the Court of Civil Appeals that Tankersley had a right to assume from the records under our registration laws that Llewellyn was the owner of the notes "at the time the judgment against him foreclosing the deed of trust securing the Meeks note was rendered.", We have, however, concluded that the judgments of both courts should be affirmed, for the reason that plaintiff in error is estopped from asserting the vendor's lien against defendant in error, and so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.